## UNITED STATES v. 1938 BUICK SEDAN, 1937 MINNESOTA LICENSE NO. B 651—607.

### Petition of MOTORS ACCEPTANCE CORPORATION OF MILWAUKEE, WIS.

District Court, D. Minnesota,
First Division.

Sept. 14, 1938.

Clarence O. Holten and Mark Woolley, both of Minneapolis, Minn., for petitioner.

William J. Quinn, Asst. U. S. Atty., of St. Paul, Minn.

SULLIVAN, District Judge.

This is a petition under Section 40a, Title 27 U.S.C.A., for the remission or mitigation of forfeiture of a certain Buick automobile, which was seized by the Agents of the Alcohol Tax Unit of the Treasury Department of the United States and for-

feited to the United States by order of this Court for its use in connection with violations of the Internal Revenue laws relating to liquor.

From the evidence, it appears that the automobile was purchased in the name of Evelyn Clemmer, the wife of one Harold Clemmer, from the Park Motor Company of Austin, Minnesota. Messrs. Drummond and Christensen, representing the Company, went to the Clemmer home to negotiate the sale. Harold Clemmer, the husband, was present at the time. Mr. Drummond testified, "She (Mrs. Clemmer) decided on the car"; that up and until that time he did not know her personally; that he knew of her; that he knew her husband, and had known him since the fall of 1936. The deal was closed on December 3, 1937, the date of the visit to the Clemmer home. The down payment on the car in question was made by turning in to the Park Motor Company a 1937 Buick automobile owned by Harold Clemmer, which at the time was being financed by the Motors Acceptance Corporation, the petitioner herein. The balance of the purchase price is evidenced by an installment note and conditional sales contract. Two payments of about $40 each were made, subsequent to the date of the contract to the Park Motor Company by Mrs. Clemmer, in cash. A payment of $15 was made by her to the petitioner subsequent to the seizure of the automobile. A financial statement was given by Evelyn Clemmer on the date of the contract and the closing of the deal, in which she states that she had no property or earnings, and that her occupation was that of housewife.

On the hearing of this petition there was some loose testimony to the effect that Evelyn Clemmer had recently sold all of her interest in a night club, and that the purchase price therefor was being paid in installments.

The petitioner herein purchased the conditional sales contract and installment note several days after the sale of the automobile to Evelyn Clemmer. Its representative testified that he relied solely as to the credit responsibility of Evelyn Clemmer upon information which he received from the Park Motor Company; that he made no other or further inquiry. The Park Motor Company, in receiving the installment note and contract on the automobile, made no inquiries or investigation as to the financial responsibility or integrity of Evelyn Clemmer. Had such an investigation been made by the Park Motor Company, it would have disclosed nothing in addition to that which the Company already knew concerning Mrs. Clemmer and her husband. Representatives of the Park Motor Company testified that they knew Harold Clemmer had been convicted of a violation of some liquor law in 1931 or 1932, and that the General Motors Acceptance Corporation had refused to accept a contract on an automobile purchased by Harold Clemmer some time previously, because of the fact that he had been convicted on a liquor law violation.

The automobile in this case was seized on February 24, 1938, and judgment of forfeiture was entered in this case on August 11, 1938. There was testimony on the part of the Government, given by one of the references which Mrs. Clemmer gave on her statement to the Park Motor Company that Harold Clemmer had a reputation as a "bootlegger". An Agent of the Alcohol Tax Unit testified that Harold Clemmer was under surveillance by that Unit during the months of December, 1937, and January and February, 1938; that he saw and observed Harold Clemmer driving the car in question approximately five or six times during each of said months. The testimony shows that from the time the Buick automobile in question was purchased, down to the time of its seizure, there was only one Buick automobile owned by the Clemmers, and that was the one in question; that Mrs. Clemmer has apparently borne a good reputation—in any event, there is no evidence to show that she ever violated the law; that she was living with her husband before and at the time the automobile in question was purchased.

Jurisdiction of this Court to remit or mitigate the forfeiture of automobiles seized for violations of the Internal Revenue laws is given under 27 U.S.C.A. § 40a (49 Stat. 878). This power is conditioned upon the claimant's proving (1) that he has acquired an interest in the car in good faith, (2) that he had no knowledge or reason to believe that it would be used to violate the liquor laws, and (3) in case the claimant's interest arises out of a contract made with a person "having a record or reputation for violating laws of the United States or of any State relating to liquor" that the claimant must inquire of certain specified local or federal authorities as to such a possible "record" or "reputation", and be informed that he has neither.

■ The burden of proof in this proceeding is upon the claimant to establish his right to relief under the Act. United States v. One 1936 Model Lafayette Coupe, D.C., 14 F.Supp. 1003; United States v. One 1933 Ford Coach, D.C., 14 F.Supp. 243; United States v. One Chrysler Sedan, D.C., 18 F.Supp. 684.

The record does not disclose that the interest asserted by the claimant does not arise out of or is not subject to a contract or agreement with Harold Clemmer, a person having a record and reputation for violating laws relating to liquor, with reference to the automobile. The deal for the automobile was closed at the home of the Clemmers and both Mr. and Mrs. Clemmer were present. A substantial portion of the purchase price of the new automobile was made up by the trade-in of the 1937 automobile owned by Harold Clemmer. The credit statement of Mrs. Clemmer in question and answer form, discloses no property or earnings on her part, and no occupation other than that of housewife. How was she to pay for the automobile? This question naturally occurred to the Park Motor Company, and evidently there was some answer to it which does not appear in the record. Was the Park Motor Company depending upon someone other than Mrs. Clemmer to pay for the automobile? Neither Mr. nor Mrs. Clemmer testified at the hearing. The testimony of these persons, no doubt, would have been enlightening to the Court. Was this automobile a gift from the husband to the wife? Even if this were true, the sale was being made to the husband, rather than to the wife. It appears plain to the Court that the Park Motor Company was not relying upon Mrs. Clemmer to make the payments on the installment note and contract, but was relying upon Harold Clemmer to make such payments, and he was the person who, in reality, the Park Motor Company was dealing with.

In United States v. One 1935 Chevrolet Coupe, D.C., 13 F.Supp. 986, the Court states [page 988] (this statement is quoted with approval in Federal Motor Finance v. United States, 8 Cir., 88 F.2d 90):

"When it develops, after a seizure and forfeiture such as this, that the sale was actually made to the lawbreaker who caused the forfeiture, and not to the person whose name appears in the contract, the court will disregard the fiction and decide the case on the basis of the true facts."

The record further shows that the Park Motor Company, at the time of selling the automobile and accepting the 1937 Buick thereon as part of the purchase price, had good reason to believe that the car would be used in the violation of the laws of the United States or of the State, relating to liquor. The record of Harold Clemmer was known at all times to the Park Motor Company. It knew that he had sold his interest in a night club, in September just preceding, and that he, at the time of the purchase and down to the date of the seizure of the automobile, apparently had no legitimate occupation or employment. It knew, and had good reason to believe, that it would be difficult, if not impossible, to dispose of any contract upon which the name of Harold Clemmer appeared. Mrs. Clemmer was living with her husband before and at the time of the contract. This automobile was the only one owned by the family, and the Park Motor Company had good reason to believe that Harold Clemmer would use this automobile in connection with violations of law relating to liquor.

■ The question then arises, should the lack of good faith and knowledge of the Park Motor Company be imputed to the claimant? The claimant herein, in purchasing the note and contract, relied entirely upon the Park Motor Company as to the character and financial responsibility of Mrs. Clemmer, and as to whether there was any reason to believe that the automobile was being, or would be used in connection with the violation of the laws of the United States, or of any State relating to liquor.

It is a well-established rule that the knowledge of an agent, while acting in reference to a matter over which his authority extends, is imputable to the principal. United States v. Cooksey et al., 9 Cir., 275 F. 670; United States v. One Chrysler Sedan, supra. In view of the requirements of the statute as to an investigation of the maker of the paper and the purpose and use to which the automobile might be put, the Park Motor Company in such matters was the agent of the claimant. United States v. One Chrysler Sedan, supra. An independent investigation by the claimant would have disclosed to the petitioner the business hazards of holding a contract on an automobile in the name of either of the Clemmers, and would have informed the claimant of the interest of Harold Clemmer in the automobile, and that

there was good reason to believe that the automobile would be used in violation of the Internal Revenue Laws relating to liquor.

It is the opinion of the Court that the petition of the claimant herein is without merit and should be dismissed.