### UNITED STATES v. O'DEA FINANCE CO.
#### No. 11502.

Circuit Court of Appeals, Eighth Circuit.
April 22, 1940.

Cloid I. Level, Asst. U.S. Atty., of Des Moines, Iowa (John K. Valentine, U. S. Atty., of Centerville, Iowa, and William R. Sheridan, Asst. U. S. Atty., of Keokuk, Iowa, on the brief), for appellant.

Carl B. Hextell, of Des Moines, Iowa, for appellee.

Before STONE, GARDNER, and SANBORN, Circuit Judges.

STONE, Circuit Judge.

This is an appeal by the United States from a judgment whereby the district court allowed a mitigation of forfeiture of an automobile which had been seized while being used in the conveyance of untaxed liquor.

The facts are stipulated and those essential to a determination of this appeal may be stated as follows. Ben Johnson and Beatrice Johnson purchased the car at Des Moines, Iowa, on July 6, 1938, making a small payment down and securing the balance by a note and a conditional bill of sale. Upon the same day this note and bill of sale were sold by the automobile dealer to the O'Dea Finance Company of Des Moines. In October, 1938, the car was seized by government agents while being used for the conveyance and concealment of non-tax paid liquor. Forfeiture proceedings were initiated and the O'Dea Finance Company appeared therein claiming mitigation to the extent of the unpaid balance on the note.

Before the O'Dea Finance Company made the purchase it employed the Credit Reference and Reporting Company "to make an investigation as to the financial standing and character of the said Ben Johnson and Beatrice Johnson, and also for the purpose of ascertaining whether or not there was any record, *in any Court in Polk County,* of the said Ben Johnson, and Beatrice Johnson having ever been arrested or convicted for violating either the State or Federal liquor laws" (italics supplied), and received a report from that company that it "had been unable to discover any charge or charges of conviction against Ben Johnson and Beatrice Johnson for violating any Federal or State liquor laws *in any court in Polk County, Iowa*" (italics supplied). At the time of the purchase by the O'Dea Finance Company neither anyone connected with it nor the dealer who sold the car had any actual notice or knowledge of previous violations of the liquor laws by either of the Johnsons. No inquiry was made by the O'Dea Finance Company or by the automobile dealer at the headquarters of the sheriff of Polk County, Iowa, the chief of police of Des Moines, Iowa, or the principal Federal Internal Revenue agent engaged in the enforcement of the liquor laws at Des Moines, Iowa, as to whether or not the said Ben Johnson had any record or reputation for violating the laws of the United States, or of any State laws relating to liquor. Had such inquiry been made of the principal Federal Revenue agent engaged in the enforcement of the liquor laws of the United States at Des Moines, such officer would have advised said parties that he had a record of Ben Johnson being convicted of violating liquor laws in St. Joseph, Missouri, in 1931, and such agent would further have advised the parties that, from information in his possession, he had reason to believe that Ben Johnson was presently violating the liquor laws of the United States and that his office was watching Johnson for the purpose of obtaining evidence against him as to such violations.

By the Act of August 27, 1935, 49 Stat. 878, 27 U.S.C.A. § 40a, exclusive jurisdiction is placed in the district court to "remit or mitigate" such a forfeiture as here involved. By paragraph (b) of this section it is provided that such remission or mitigation shall not be allowed under certain conditions therein set forth. One of these conditions is: "if it appears that the interest asserted by the claimant arises out of or is in any way subject to

any contract or agreement under which any person having a record or reputation for violating laws of the United States or of any State relating to liquor has a right with respect to such vehicle or aircraft, that, before such claimant acquired his interest, or such other person acquired his right under such contract or agreement, whichever occurred later, the claimant, his officer or agent, was informed in answer to his inquiry, at the headquarters of the sheriff, chief of police, principal Federal internal-revenue officer engaged in the enforcement of the liquor laws, or other principal local or Federal law-enforcement officer of the locality in which such other person acquired his right under such contract or agreement, of the locality in which such other person then resided, and of each locality in which the claimant has made any other inquiry as to the character or financial standing of such other person, that such other person had no such record or reputation."

The above quotation clearly requires that no claim for remission or mitigation shall be allowed unless the claimant "before such claimant acquired his interest" had inquired "at the headquarters of the sheriff, chief of police, principal Federal internal-revenue officer engaged in the enforcement of the liquor laws, or other principal local or Federal law-enforcement officer of the locality in which such other person acquired his right under such contract or agreement, of the locality in which such other person then resided, and of each locality in which the claimant has made any other inquiry as to the character or financial standing of such other person, that such other person had no" record or reputation "for violating laws of the United States or of any State relating to liquor". The clear meaning of this provision is that it places an absolute requirement of investigation upon the claimant and it defines the minimum investigation necessary for a basis of claim for remission or mitigation.

The facts here are clear that none of the inquiries required by the statute was made either by the O'Dea Finance Company or by the Credit Reference and Reporting Company. Also, it is clear that had such inquiries been made information would have been forthcoming which would have entirely prevented a remission or mitigation in this case.

The case should be and is reversed with instructions to set aside the judgment of mitigation and to enter judgment of forfeiture.