### UNITED STATES v. FEDERAL CREDIT CO.

No. 9577.

Circuit Court of Appeals, Fifth Circuit.

Jan. 29, 1941.

Toxey Hall, U. S. Atty., of Jackson, Miss., and W. J. Vollor, Asst. U. S. Atty., of Vicksburg, Miss., for appellant.

M. M. Roberts, of Hattiesburg, Miss., opposed.

Before SIBLEY, HOLMES, and McCORD, Circuit Judges.

HOLMES, Circuit Judge.

Shipman, Mississippi, is a village located eight miles from the town of Lucedale in George County; George County adjoins Mobile County, Alabama. C. C. Newbill, of Shipman, purchased a Ford automobile, by conditional sale, from the Wright Motor Company of Lucedale in · August, 1939. Some months later, and before the car was fully paid for, the Government claimed a forfeiture of it on the ground that it was being used to transport tax-unpaid whiskey.

The Federal Credit Company, a finance company which had purchased the unpaid notes evidencing the indebtedness on the car, sought remission or mitigation of the forfeiture in these proceedings under the Liquor Law Repeal and Enforcement Act of August 27, 1935, 49 Stat. 872, 878, 27 U.S.C.A. § 40a. The district court remitted the forfeiture, concluding that the finance company had an interest acquired in good faith; that it had no knowledge or reason to believe, at any time, that the vehicle would be used in violation of the liquor laws; and that it sufficiently investigated, before purchasing the paper, Newbill's character and reputation. On this appeal, the Government argues that the district court had no right to remit the forfeiture, because the appellee failed sufficiently to comply with the condition precedent relating to investigation required by § 40a(b)(3).[1]

The investigation made before the purchase of the indebtedness consisted of an oral inquiry addressed to the town marshal of Lucedale, L. V. McDaniel, who was its chief law-enforcement officer. McDaniel professed to know Newbill well and to be acquainted with almost every white man in the county. It is contended that this testimony, considered in the light of the small size of the towns and their proximity to each other, satisfied the burden imposed by subsection (b)(3) upon the claimant, since the communities were nearly one.

The undisputed proof shows that Newbill had a reputation for dealing in illegal liquor in George County, and that he had plead guilty to an indictment charging a violation of the liquor laws in the federal court of Mobile County, Alabama. This being established by the evidence, it was incumbent upon the claimant to show that, before his interest was acquired, he received a reply to his inquiry concerning Newbill's character, financial standing, record, or reputation, made of the sheriff, chief of police, or principal federal internal revenue officer of Lucedale, the place where the car was bought, and Shipman, where Newbill resided.[2] These requirements are expressly made conditions

---

[1] 27 U.S.C.A., 49 Stat. 878.

[2] United States v. One 1936 Model Lafayette Coupe Automobile, D.C., 14 F. Supp. 1003; United States v. C. I. T. Corp., 2 Cir., 93 F.2d 469; United States v. 1938 Buick Sedan, D.C., 24 F.Supp. 739.

precedent to the right to remit or mitigate the forfeiture, and, until complied with, the district court had no authority to remit or mitigate the forfeiture.[3]

Under familiar rules of construction, this statute must be uniformly construed throughout the United States. This object could not be achieved if the requirements of this section expanded and contracted with each fluctuation in population. The object of the statute must not be lost from view. It is designed to protect innocent but vigilant sellers and dealers in commercial paper from suffering undue hardship because of the faults of others. To manifest its innocence and vigilance, the interested party is required to make the investigation fixed by statute. If he wishes to take the risk of a forfeiture, he may decline to make any investigation; in any case, he may make that investigation that he considers the nature of the risk to require, and to this extent the size and population of the vicinity may influence his judgment; but to exonerate himself entirely from any possible liability in event of forfeiture, each of the conditions precedent must be complied with by him.

Under its settled construction, the statute imposed upon claimant the duty to make inquiry from only one of the several officers named, but required such inquiries to be made from officers in authority in each of the localities mentioned.[4] It was therefore required of the claimant to make inquiry of some officer named by the statute having jurisdiction over the place of residence of the purchaser. McDaniel held no office in Shipman, and no inquiry was made of any other officer.

Because the claimant failed to take the precautions imposed by the statute as conditions precedent to the right of the district court to remit the forfeiture, the judgment is reversed, and the cause is remanded to the district court for further proceedings *not inconsistent with this opinion.*

---

[3] United States v. National Discount Corp., 7 Cir., 104 F.2d 611; United States v. One 1938 Model Chevrolet Coach, 5 Cir., 106 F.2d 985; United States v. One Hudson Coupe, 4 Cir., 110 F.2d 300; Universal Credit Co. v. United States, 4 Cir., 111 F.2d 764; United States v. Ford Truck, etc., 3 Cir., 115 F.2d 864.

[4] United States v. One 1935 Dodge Rack-Body Truck, 2 Cir., 88 F.2d 613; United States v. One 1936 Model Ford V-8 De Luxe Coach, 4 Cir., 93 F.2d 771; Id., 305 U.S. 564, 59 S.Ct. 99, 83 L.Ed. 555; Id., 307 U.S. 219, 59 S.Ct. 861, 83 L.Ed. 1249; United States v. O'Dea Finance Co., 8 Cir., 111 F.2d 358; United States v. One Studebaker Coach, D.C., 24 F.Supp. 76; United States v. One Ford Coupe, D.C., 24 F.Supp. 74.