**UNITED STATES v. McARTHUR, et al.**

No. 9638.

Circuit Court of Appeals, Fifth Circuit.

Jan. 29, 1941.

344

Toxey Hall, U. S. Atty., of Jackson, Miss., and W. J. Vollor, Asst. U. S. Atty., of Vicksburg, Miss., for appellant.

M. M. Roberts, of Hattiesburg, Miss., opposed.

Before SIBLEY, HOLMES, and McCORD, Circuit Judges.

HOLMES, Circuit Judge.

.The question for decision in this case is closely akin to that involved in the case of United States v. Federal Credit Company, 5 Cir., 117 F.2d 341, decided this day. We must determine whether, under the facts of the case, the claimant sufficiently complied with the conditions precedent imposed by Section 40a (b) (3) of Title 27, U. S. Code Annotated, so as to authorize the district court, in the exercise of its discretion, to remit or mitigate the forfeiture of an automobile found in use in violation of the laws relating to liquor. The Government is appealing from a judgment remitting the forfeiture.

The McArthur Chevrolet Company, of Hattiesburg, Mississippi, sold the automobile to Harvey Stewart of that city. H. McArthur and J. E. Towles, owner and used-car manager of the company, respectively, had known the purchaser and had sold cars to him for a period of fifteen years. In so far as they knew, Stewart had no record or reputation for violating the liquor laws. The company neglected to make any investigation, as required by the statute, claiming that its knowledge of the purchaser relieved it of any duty of investigating, and that Stewart had no record or general reputation for dealing in illicit liquor at the time the sale was made. Two constables who policed the City of Hattiesburg testified that, prior to the purchase of the car, Stewart had no such reputation.

█ By the clear terms of the statute, remission can be applied for by any interested party, whether or not any investigation has been made of the purchaser. If the purchaser had a record or reputation for dealing in illicit liquor at the time of the purchase, however, the court is powerless to remit or mitigate the forfeiture unless the required investigation had been made.[1]

█ Stewart had a reputation for violating the liquor laws at the time he bought the car. This reputation was known by the Chief of Police of Hattiesburg and by the Sheriff's office. Had the claimants followed the procedure patterned by the statute, they would have been advised of this reputation, and could have protected their interests accordingly. By neglecting to undertake the investigation, these claimants assumed the risk that, should Stewart then have a reputation and the automobile be forfeited, their right to have their interests protected by remission or mitigation would be denied them. That the risk proved bad and loss resulted to them cannot now benefit their position in this court.

The district court lacked authority to grant the remission, and, for that error, the judgment is reversed, and the cause remanded for further proceedings not inconsistent with this opinion.

[1] United States v. One 1935 Dodge Rack-Body Truck, 2 Cir., 88 F.2d 613; United States v. Federal Credit Co., supra; United States v. One Ford Coupe, D.C., 24 F.Supp. 74; United States v. Ford Truck, etc., 3 Cir., 115 F.2d 864.