506

## UNITED STATES v. ONE 1941 MODEL FORD COACH MOTOR NO. 18-6054018, ASSOCIATES DISCOUNT CORPORATION.

No. 10682.

Circuit Court of Appeals, Fifth Circuit.

Oct. 27, 1943.

Jim C. Smith, U. S. Atty., and John B. Tally, Asst. U. S. Atty., both of Birmingham, Ala., for appellant.

W. H. McGowen, of Birmingham, Ala., for appellee.

Before SIBLEY, McCORD, and WALLER, Circuit Judges.

PER CURIAM.

The suit was for remission of a forfeiture. Judgment was for the claimant, Associates Discount Corporation, and the Government has appealed contending that remission should have been denied because of failure of the claimant to show compliance with the statutory condition precedent relating to investigation. 18 U.S.C.A. § 646(b) (3).

The facts were specifically found by the District Judge and are not in dispute: On October 14, 1941, Thomas P. Hosner purchased the automobile in suit from a dealer in Tennessee. Associates Discount Corporation purchased the conditional sale contract from the dealer, but before doing so it made inquiry of the sheriff of the county in Tennessee where Hosner was then residing as to Hosner's record and reputation for violation of the liquor laws. It also investigated Hosner's "moral and financial" standing in Birmingham, Jefferson County, Alabama, where he had formerly resided, but in doing so made "no inquiry of the Sheriff of Jefferson County, the Chief of Police of Birmingham, or Bessemer, Alabama, nor any Federal enforcement officer in the Alabama district".

On and prior to October 14, 1941, Hosner had "a reputation of being engaged in the illicit whiskey business in Jefferson County, Alabama".

The remission statute, 18 U.S.C.A. § 646 (b), requires that where, as here, the purchaser of an automobile has a reputation for violating the liquor laws, a claimant who has purchased the conditional sale contract must, as a condition precedent to remission or mitigation of a forfeiture of the automobile, prove that he "was informed in answer to his inquiry, at the headquarters of the sheriff, chief of police, principal Federal internal-revenue officer engaged in the enforcement of the liquor laws, or other principal local or Federal law-enforcement officer of the locality in which such other person acquired his right under such contract or agreement, of the locality in which such other person then resided, *and of each locality in which the claimant has made any other inquiry as to the character or financial standing of such other person,* that such other person had no such record or reputation". (Italics supplied.)

Compliance with all conditions precedent set up by the remission statute must be proved by a claimant before a District Court has any right to remit or mitigate a forfeiture. United States v. Federal Credit Co., 5 Cir., 117 F.2d 341.

The findings of the Court below make it clear that there was not full compliance with the specific requirement as to investigation contained in Sec. 646(b)(3). Hosner did have a reputation for liquor law violations in Birmingham. Investigation as to his character and financial standing in Birmingham was made by the claimant, but no inquiry was made in that locality of the sheriff or any other law enforcement officer as to his record or reputation for liquor law violations. The claimant, therefore, failed to make the inquiry required as a condition precedent to remission or mitigation of the forfeiture, and the District Court was without authority to enter a remission in its favor. Cf. United States v. Reed et al., 5 Cir., 117 F.2d 808.

The judgment is reversed.