## MURDOCK ACCEPTANCE CORPORATION v. UNITED STATES.

### No. 12448.

United States Court of Appeals
Fifth Circuit.

Feb. 16, 1949.

Riley Cunningham and E. K. Windham, both of Booneville, Miss., for appellant.

Chester L. Sumners, U. S. Atty., of Oxford, Miss., for appellee.

Before SIBLEY, HOLMES, and McCORD, Circuit Judges.

HOLMES, Circuit Judge.

This appeal is from a judgment denying remission or mitigation of the forfeiture of a certain automobile, described as one Chrysler Sedan, 1941 model, Motor No. C30–3459. Forfeiture was decreed because of its use in transporting liquor in violation of the Internal Revenue Laws of the United States.

The court below found that the owner of the car had a reputation for violating laws of the United States, and of the State of Mississippi, relating to liquor; and that, before appellant acquired the note and contract on which its claim is based, it failed to make inquiry of the sheriff, chief of police, or chief enforcement officer of the Alcohol Tax Unit, as required by Section 646(b), Title 18, of the United States Code Annotated, Section 3617(b), New Title 18.

The appellant contends that if it had made inquiry of the sheriff of the county where the owner resided it would have received an answer to the effect that the owner had no record or reputation for violating the liquor laws, and that it should not be penalized for failure to do a useless thing. The statute provides that if it be established that the purchaser of an automobile had a record or reputation for violating the state or federal liquor laws, then the claimant must show that, before he acquired his contract or interest, he made inquiry and was informed that such person had no such record or reputation. The theory of appellant impliedly concedes that the owner had such reputation, but contends that, if it had made the requisite inquiry, the answer would have been that he had no such reputation. The court below rejected both the factual

premise and the legal conclusion upon which this contention was predicated.

We agree with the court below that the appellant does not have the necessary facts to support its theory of the law, since an answer from the sheriff that he did not know the party inquired about would not have been sufficient, as the sheriff might have made inquiries of his deputies; and, if he had done so, it is more than likely that one of his deputies would have disclosed the bad reputation of the owner with reference to liquor-law violations.

We think the evidence showed that the owner had a reputation for state and federal liquor-law violations, and failed to show compliance with the requirements as to investigation contained in said Section 646(b). The statute does not contemplate a hypothetical compliance with its terms. The statutory requirements are real, positive, and unequivocal; they must be substantially fulfilled, they are in fact conditions precedent to the remission or mitigation of a forfeiture in this case; and the burden of proving compliance with the conditions was upon appellant.[1] The latter failed to meet this burden, and the judgment appealed from is

Affirmed.

**UNITED STATES v. RUSSO.**

[1] United States v. Federal Credit Co., 5 Cir., 117 F.2d 341; United States v. McArthur, 5 Cir., 117 F.2d 343; United States v. One 1941 Model Ford Coach, 5 Cir., 138 F.2d 506.