974

**UNITED STATES v. ONE 1947 MODEL INTERNATIONAL PICKUP TRUCK, etc.**

**Civ. No. 513.**

United States District Court
W. D. Arkansas, El Dorado Division.

Nov. 14, 1950.

R. S. Wilson, U. S. Atty., Charles A. Beasley, Jr., Asst. U. S. Atty., Fort Smith, Ark., for the United States.

Melvin T. Chambers, Magnolia, Ark., for intervenor, Mrs. Taylor.

JOHN E. MILLER, District Judge.

Libel of Information was filed April 18, 1950, praying that the vehicle involved herein be forfeited to the United States. At that time the vehicle had an appraised value of $700.00.

G. G. Graves filed a response to the libel of information, alleging that he was the owner of said vehicle, subject to certain mortgages in the total sum of $1,000.00 held by Mrs. Orene Taylor; denying the allegations of the libel; and praying that the same be dismissed.

The issues thus joined were tried to the court on June 9, 1950, and the court, by findings of fact and conclusions of law filed June 12, 1950, determined that said vehicle should be declared forfeited to the United States. Judgment to this effect was entered June 12, 1950, conditioned, however, that since it appeared that there were outstanding encumbrances in favor of persons who might desire to apply for remission or mitigation of the forfeiture, that the United States Marshal retain custody of said vehicle for 30 days within which time any such person might make application for remission or mitigation.

Accordingly, on July 8, 1950, Mrs. Orene Taylor made application for remission, and alleged that she holds two mortgages on said vehicle, each in the sum of $500.00, which were acquired in good faith, and she had no knowledge or reason to believe that Graves was using the vehicle in violation of any laws of the United States or the State of Arkansas. On July 11, 1950, the court ordered the United States Marshal to retain possession of said vehicle pending the further orders of the court. The United States filed its response to the application on October 9, 1950, in which it denied that the petitioner, Mrs. Taylor, is entitled to said truck for purposes of enforcing the liens she holds on the same, and affirmatively alleged that at all times material to the action the said G. G. Graves had a reputation in Columbia County, Arkansas, for violating laws of the United States or the State of Arkansas relating to liquor and had a record of violating said laws.

On October 16, 1950, claimant, Mrs. Orene Taylor, and the United States filed a stipulation of facts, and agreed that the issues raised by the application for remission and response thereto be submitted to the court upon said stipulation and the pleadings.

The parties have submitted briefs in support of their contentions, which have been considered, and the court proceeds now to

make and file its findings of fact and conclusions of law, separately stated.

### Findings of Fact

**1.**

Conclusion of Law No. 3, of the Findings of Fact and Conclusions of Law filed in this action on June 12, 1950, provides:

"By carrying on the business of a liquor dealer without having paid the required special tax imposed by law, G. G. Graves violated the provisions of Section 3253, Title 26, United States Code [26 U.S.C.A. § 3253].

"By having and possessing the 1947 International ¾-ton Pickup Truck, Motor No. 136247, which was used and intended for use in violating the provisions of Section 3253, Title 26, United States Code, the said G. G. Graves forfeited all property rights in said truck by virtue of Section 3116, Title 26, United States Code [26 U.S.C.A. § 3116]."

In accordance with this conclusion, it was directed that the said vehicle be declared forfeited to the United States. At the time the Libel of Information was filed, April 18, 1950, said vehicle had an appraised value of $700.00.

**2.**

The claimant, Mrs. Taylor, first became acquainted with the said Graves in the year 1937 and was married to him in the year 1939. They were divorced in 1943.

On June 14, 1948, Mrs. Taylor loaned to Graves, the then owner of the vehicle involved herein, the sum of $500.00, without interest, and to secure said loan the said Graves executed and delivered to Mrs. Taylor a chattel mortgage dated June 14, 1948, on said vehicle, which chattel mortgage was filed for record in the office of the Circuit Clerk and Ex-Officio Recorder of Columbia County, Arkansas, on April 5, 1949.

On April 14, 1949, Mrs. Taylor loaned to Graves the additional sum of $500.00, with interest at three (3) per cent per annum, and to secure said loan Graves executed and delivered to Mrs. Taylor another chattel mortgage on the vehicle involved herein, which mortgage was filed for record in the office of the Circuit Clerk and Ex-Officio Recorder of Columbia County, Arkansas, on April 14, 1949.

No payments have been made on the above described indebtednesses, and they are now due and unpaid.

**3.**

At the times Mrs. Taylor made the loans set forth above the vehicle involved herein had permanent cattle frames attached to it and was being used to haul cattle and other live stock.

On each of the dates of the two loans, G. G. Graves was a resident of Columbia County, Arkansas.

**4.**

In the year 1937 the said Graves was convicted and fined in a Justice of the Peace Court in Columbia County, Arkansas, for possessing illicit liquor in violation of the laws of the State of Arkansas relating to liquor.

At the times of making the loans and filing for record the chattel mortgages set forth above, Mrs. Taylor did not know of and had not heard of the conviction of Graves in 1937 or of any subsequent violations of the liquor laws by him.

**5.**

The stipulation of facts does not disclose that Graves had a record or reputation with the Sheriff, Chief of Police, Principal Federal Internal Revenue Officer engaged in the enforcement of the liquor laws, or other principal local or federal law enforcement officer of the locality in which the claimant acquired her rights under the mortgages or of the locality in which Graves then resided, for violating laws of the United States or of any state relating to liquor.

**6.**

The loans set forth above were made in Columbia County, Arkansas. Prior to acquiring the interest in said vehicle on which she relies in this proceeding, Mrs. Taylor did not make inquiry at the headquarters of any law enforcement officer, state or federal, concerning the record or reputation of Graves for violating laws of the United States or the State of Arkansas relating to liquor.

## Discussion

Mrs. Taylor's application for remission is made pursuant to Title 18, United States Code Annotated, Section 3617, which gives the court, after a forfeiture is declared, exclusive jurisdiction to remit or mitigate the same.

 Though the power thus conferred upon the court is discretionary, certain conditions are set forth by the Congress which must be complied with in every instance. Claimant must establish that he has an interest in the vehicle which was acquired in good faith, Section 3617(b) (1), and that he at no time had any knowledge or reason to believe that the vehicle was being or would be used in the violation of laws of the United States or of any State relating to liquor, Section 3617(b) (2). When a claimant has introduced evidence showing a compliance with these conditions, he has made out a case which would justify a remission or mitigation. However, Section 3617(b) (3) provides, "if it appears" that the other party to the contract out of which the claimant's interest arises had a "record or reputation" for violating the liquor laws, then claimant must establish that certain inquiries were made. The burden is upon the Government to establish such a "record or reputation" before the statute imposes any duty on the claimant to make such inquiries. City National Bank & Trust Co. of Oklahoma City, Oklahoma v. United States, 8 Cir., 163 F.2d 820, 821. In other words, by failing to make the statutory inquiries, a claimant runs the risk of such other person having a "record or reputation".

Concerning this legislation the Supreme Court of the United States has stated, United States v. One 1936 Model Ford V-8 Coach, 307 U.S. 219, 226, 59 S.Ct. 861, 864, 83 L.Ed. 1249: "Manifestly, section 204 (Title 18, U.S.C.A. Sec. 3617, the statute giving the court jurisdiction to remit forfeitures) is a remedial measure. It empowers the courts, exercising sound discretion, to afford relief to innocent parties having interests in condemned property where the claim is reasonable and just. Its primary purpose is not to protect the revenues; but this is proper matter for consideration whenever remission is sought. The section must be liberally construed to carry out the objective. The point to be sought is the intent of the law-making powers. Forfeitures are not favored; they should be enforced only when within both letter and spirit of the law. Farmers' & Mechanics' National Bank v. Dearing, 91 U.S. 29, 33–35, 23 L.Ed. 196. If any claimant has been negligent or in good conscience ought not be relieved, the court should deny his application."

And, 307 U.S. at page 236, 59 S.Ct. at page 870, 83 L.Ed. 1249: "The forfeiture acts (Title 26, U.S.C.A., Secs. 3116 and 3321) are exceedingly drastic. They were intended for protection of the revenues, not to punish without fault. It would require unclouded language to compel the conclusion that Congress abandoned the equitable policy, observed for a very long time, of relieving those who act in good faith and without negligence, and adopted an oppressive amendment not demanded by the tax officials or pointed out in the reports of its committees."

In the instant case, the facts show that claimant, Mrs. Taylor, has an interest in the vehicle which was acquired in good faith, and that she at no time had any knowledge or reason to believe that the vehicle was being or would be used in the violation of the liquor laws of the United States or of any State. These facts, standing alone, would justify a remission. However, the facts also reveal that no inquiry of Graves' record or reputation was made of any of the officers enumerated in Section 3617(b) (3). The United States contends that Graves had a "record" within the contemplation of that section, and, this being so, claimant's failure to make such inquiry constitutes a bar to remission. The contention of a "record" is based upon the fact that in 1937 Graves was convicted and fined in a Justice of the Peace court in Columbia County, Arkansas, for possession of illicit liquor in violation of the laws of the State of Arkansas relating to liquor. Graves' reputation is not in issue, and the facts show that he had no such reputation as contemplated by Section 3617(b) (3).

Thus, there is but one issue to be determined by the court. Has the United States established that Graves had a "record" within the contemplation of Section 3617 (b) (3)? If so, the application for remission must be denied, since the required inquiry was not made. If not, the application for remission may be granted, since, in that event, an inquiry was not required.

While reputation is not involved under the facts of this case, the court feels that an examination of some of the cases dealing with reputation will be helpful in determining the intended meaning of "record" in the statute. Although there are cases, the principal one being United States v. C. I. T. Corporation, 2 Cir., 93 F.2d 469, the language of which indicate that reputation is used in the statute in its usual sense, that is, general reputation in the community, the weight of authority is to the effect that it is the reputation that the person bears with any of the law enforcement officers named in Section 3617 (b) (3).

Thus, as stated in United States v. One 1939 Model De Soto Coupe, 10 Cir., 119 F. 2d 516, 519: "A rational analysis of the act leads us to the conclusion that 'reputation' within the context and meaning of subsection (b) (3) has reference to the 'reputation' which the purchaser of the automobile bears with any one of the law enforcement officers enumerated in the act."

And, in United States v. Ford Truck, Motor & Serial No. BB18-3749639, 3 Cir., 115 F.2d 864, 865: "We are in accord with these views. We are of the opinion that the 'reputation' of the statute is reputation among law enforcement officers, the duty having rested upon the claimant to make inquiry among such officers." See, also: United States v. One 1941 Buick Sport Coupe, D.C.Neb., 68 F.Supp. 570, for a thorough discussion of the question.

A claimant only need make inquiry of one of the named officers as to record or reputation provided he receives a negative answer, but if he fails to make inquiry, he is bound by the answer which would have been given by any one of such officers had an inquiry been made. Interstate Securities Co. v. United States, 10 Cir., 151 F.2d 224, 226.

It might be that a question of fact would be presented on the question of reputation. Probably more would be required than a mere suspicion on the part of the officer testifying as to one's reputation, but as pointed out by the court in Interstate Securities Co. v. United States, supra, "there is nothing in the statute indicating an intention that their (the officers) opinion shall be formed by any other means than those employed by his neighbors. Unfortunately, it is a truism that one's reputation is what others say about him, not necessarily what they know of him." However, there should be a reasonable basis for the officer's opinion as to reputation, but this would be a matter for the court to resolve after direct and cross examination of the officer as to the basis for his testimony that such other person had a reputation for violating the liquor laws.

Proceeding now to the point involved herein, the court is of the opinion that "record" is used in the statute in the same sense as "reputation", that is, a record with any one of the enumerated officers. In other words, if any one of the officers would have answered, had an inquiry been made, that such other person had a record for violating the liquor laws, then the claimant is bound by the answer that would have been given. Thus, the decisive fact is not whether such other person actually had a record in the courts of the designated places where inquiry must be made, if required, or elsewhere, but whether any one of the enumerated officers would have so advised claimant if inquiry had been made. This, then, is a matter of proof which rests upon the Government, and if a factual issue is raised, it will be resolved by the court, as discussed above in regard to reputation. In reaching this conclusion the court has attempted to arrive at a workable formula for resolving controversies, such as is presented in the instant case, arising under the statute, and it is believed that ample support for such conclusion is found in the decisions. Certainly, it is consistent with the liberal approach advanced by the Supreme Court in United States v. One Ford Coach, supra.

Thus, in United States v. Ford Truck, etc., supra, the court, in quoting from

United States v. One Ford Coupe, D.C. E.D.Pa., 24 F.Supp. 74, 75, 76, stated:

" 'The words "record" and "reputation" are given equal importance in the Act. The natural place to go for information about the existence of a record would be the enforcement officers. In fact, it would seem that the purpose was to relieve the claimant of the burdensome necessity of searching the court records of all the counties or federal districts in which the prospective purchaser had lived or been engaged in business.' "

And, in United States v. One 1939 Model De Soto Coupe, supra, the court said: "The law does not require one to do a useless thing. Therefore, if, in the instant case, the claimant failed to make inquiry of one of the several officers mentioned in the act, and a forfeiture was had and a mitigation sought, and the government failed to prove that inquiry from any of the officers mentioned in the act would have revealed a 'record or reputation,' the claimant would be entitled to mitigation or remission because further inquiry would not have revealed any record or reputation. In that event, the claimant would have taken the risk but averted the penalty imposed because compliance would have been useless."

■ In the final analysis, it is what would have been learned had inquiry of the named officers been made. The inconclusiveness of the mere existence of a record is demonstrated by the fact that if an inquiry is made of only one of the officers and a negative answer as to record and reputation is received, the claimant has satisfied the requirements of subsection (b) (3) and need neither search nor inquire further, and this is true even though such other person might actually have a conviction of record in the very county where the inquiry was made.

The court is not unmindful of the case of United States v. One Hudson Coupe, 1938 Model, etc., 4 Cir., 110 F.2d 300, 302, wherein language as to "record" appears that would indicate a contrary result, but if such be the case, without attempting to distinguish the same, this court does not choose to follow it.

■ In the instant case, it has been pointed out that the conviction of Graves was in a Justice of the Peace Court, which, in Arkansas, is not a court of record. Also, it is noted that the conviction occurred in 1937, some 12 years prior to the present violation. In the opinion of the court these matters are in and of themselves inconclusive. As stated above, the decisive fact is whether claimant would have been advised of the conviction by any of the enumerated officers had inquiry been made. It is sufficient here to say that the United States has failed to establish that any of the officers would have advised the claimant of this conviction had inquiry been made, and, therefore, it has failed to establish a "record" as contemplated by Section 3617(b) (3). Such being the case, the claimant was not required to make inquiry.

It might be added, that in so far as the contention that a Justice of the Peace Court conviction is not sufficient to constitute a record is concerned, it appears to the court that a liquor law violation conviction in a duly authorized court might well be sufficient if there was in fact an actual record kept of the conviction. However, it might be that if the conviction was denied and the actual record kept challenged that a question of proof would be presented. As to the remoteness point, the court doubts the feasibility of attempting to determine the existence of record or nonexistence thereof by any standard of remoteness in time. Evidence of a prior conviction is relevant, and if a claimant is advised, or would have been advised, if inquiry had been made, of such a record, however remote, he probably assumes the risk of a subsequent violation. However, as stated above, it is unnecessary to determine these matters at this time.

Claimant, Mrs. Taylor, under the facts of this case, is entitled to a remission of the forfeiture.

Conclusions of Law

1.

The court has jurisdiction of the subject matter of this cause of action. Title 18, United States Code Annotated, Section 3617(a).

**2.**

Claimant, Mrs. Orene Taylor, has an interest in the vehicle involved herein which was acquired in good faith and at no time had any knowledge or reason to believe that it was being or would be used in violation of laws of the United States or of any State relating to liquor.

It does not appear that G. G. Graves had a record or reputation within the contemplation of Section 3617(b) (3) of Title 18, United States Code Annotated, and, therefore, it was not necessary for claimant, Mrs. Taylor, to make inquiry of the enumerated officers pertaining thereto.

Therefore, the forfeiture previously declared herein should be remitted.

**3.**

The interest of claimant, Mrs. Taylor, is in excess of the appraised value of the vehicle involved herein, and, therefore, judgment should be entered ordering the United States Marshal, who has said vehicle in custody, to turn the same over to the claimant, Mrs. Taylor, provided, however, that before said vehicle is delivered to Mrs. Taylor, the Marshal shall collect from her all expenses incident to the seizure and forfeiture incurred by the United States.