UNITED STATES v. ONE 1950 LINCOLN SEDAN, MOTOR NO. 50LP 14278L et al.
No. 13844.

United States Court of Appeals
Fifth Circuit.
May 13, 1952.

William S. Walker, Asst. U. S. Atty., Jacksonville, Fla., for appellant.

Francis P. Conroy, Jacksonville, Fla., for appellee.

Before HUTCHESON, Chief Judge, and BORAH and STRUM, Circuit Judges.

BORAH, Circuit Judge.

The United States of America filed a libel of information against the 1950 Lincoln Sedan automobile involved in this appeal, alleging that on the 16th day of April, 1951, this car was seized in the custody and control of Dorsey Leon Davis, while being used by Davis in the deposit and concealment of 100 gallons of distilled spirits, upon which taxes due the United States had not been paid, all with the intent to defraud the United States of the taxes thereon.

I. H. Boyette, doing business in Valdosta, Georgia, as Boyette Motor Company, the automobile dealer who had sold the automobile, and The Citizens and Southern National Bank of Valdosta, Georgia, which had purchased the conditional sales contract with recourse, were allowed to intervene and file a joint petition for remission of the forfeiture.

The cause came on for final hearing on the libel and intervening petition and there being no dispute as to the facts, the court entered judgment declaring the 1950 Lincoln Sedan forfeited to the United States of America but allowed petitioners' claim and directed that the automobile should be returned to petitioners upon payment of all expenses incurred by the United States incident to the seizure and forfeiture.

The material facts as found by the District Court are these: The 1950 Lincoln Sedan here involved was seized by Investigators of the Alcohol Tax Unit, Treasury Department, on April 16, 1951, in Bradford County, Florida, at which time it was in the possession, custody and control of Dorsey Leon Davis and was then and there being used by Davis to transport 100 gallons of distilled spirits on which the federal tax, imposed by law, had not been paid. Davis had purchased the automobile in the prior year from Boyette Motor Company, one of the interveners, and had taken title

in his wife's name. Prior to the closing of the sale, Boyette offered to sell the conditional sales contract to the Citizens and Southern National Bank, the other intervener. The bank requested a credit report on Davis from a local credit bureau. The credit investigator went to Lake City, in Columbia County, Florida, where Davis resided and contacted the sheriff of that county, also the sheriff of adjoining Baker County, Florida, where Davis had formerly resided. Both officers advised that Davis had been convicted in the state court in 1947 for dealing in illegal liquor, but that to the best of their knowledge Davis "was going straight." The chief of police of Lake City also told the investigator that he believed that Davis was then a law abiding citizen and was having nothing to with illegal liquor. In his written report to the bank the credit investigator stated: "Sheriff Witt of this county (Columbia) and Chief Arthur Davis of this city join sheriff Coleman in the belief that subject no longer has any connection with this and is now a law abiding citizen, although there are still rumors to that effect." When the report was submitted to Boyette and to the bank the latter advised the former that in view of the liquor hazard it would purchase the contract only with full recourse on the dealer. Boyette thereupon called the sheriff of Columbia County by telephone and was given the same information but decided to sell the car to Davis and the contract to the bank with full recourse. The court found that the sum of $1,803.20 was due on the conditional sales contract and fixed the market value of the automobile at $1,450.

On the basis of these facts the court concluded as a matter of law that the intervening petitioners had complied with the minimum requirements of 18 U.S.C. § 3617(b)(3) by making inquiry of the sheriff of the county, and of the chief of police of the city where the purchaser resided, and of the sheriff of the county where purchaser formerly lived. It also concluded that although Davis had a record, that conviction occurred almost four years before the purchase of the automobile and his reputation according to the state officers and the chief of police was good; therefore, the intervening petitioners had satisfactorily proved that they had no knowledge or reason to believe that the automobile would be used by the purchaser in the violation of the laws of the United States or any state relating to liquor. The court thereupon entered its judgment in accordance with the conclusions and the Government has appealed, contending that remission should have been denied because the undisputed findings of fact show that the intervening petitioners failed to meet the minimum requirements of subsection (b)(3) of section 3617, Title 18 U.S.C., 18 U.S.C. § 3617(b)(3).

This section confers jurisdiction upon the federal district courts to remit or mitigate forfeitures and prescribes three conditions which must be precedent to any remission. It provides that in any such proceeding the court shall not allow the claim for remission or mitigation unless the claimant proves (1) that he has an interest in the vehicle which he acquired in good faith; (2) that he had no knowledge or reason to believe that it was being or would be used in the violation of the laws relating to liquor; and (3) "if it appears that the interest asserted by the claimant arises out of or is in any way subject to any contract * * * under which any person having a record or reputation for violating laws of the United States or of any State relating to liquor has a right with respect to such vehicle" that the claimant prove "that, before such claimant acquired his interest, * * * the claimant, his officer or agent, was informed in answer to his inquiry, at the headquarters of the sheriff, chief of police, principal Federal internal-revenue officer engaged in the enforcement of the liquor laws, or other principal local or Federal law-enforcement officer of the locality in which such other person acquired his right under such contract * * *, of the locality in which such other person then resided, and of each locality in which the claimant has made any other inquiry as to the character or financial standing of such other person, that such other person had no such record or reputation."

We think it clear that the District Court had no authority to remit or mitigate the forfeiture. Indeed, the language of section

3617 would seem to compel this conclusion. This section prescribes three conditions precedent to remission or mitigation and the discretionary power which it vests in the trial court becomes operative only when the statutory conditions have been fulfilled. In the instant proceeding it is plain that the interveners did not comply with the third condition, specified in subsection (b)(3). It is true that claimants made the requisite inquiry as to the owners record and reputation from one or more of the officers named in clause (3) but what claimants and the trial judge have both apparently overlooked is the significant requirement that the answer to such inquiry must be in the negative, that is, that the person has no such record or reputation as a liquor violator. As was pointed out in United States v. One Hudson Coupe, 4 Cir., 110 F.2d 300, 302, both record and reputation are necessary subjects of inquiry and information, and "it should by now be an elementary proposition that subsection (d) of this statute [1] grants to the trial court discretion to refuse or grant remission or mitigation only when the statutory conditions have been fulfilled." See United States v. One 1936 Model Ford V-8 De Luxe Coach, 307 U.S. 219, 59 S.Ct. 861, 83 L.Ed. 1249; United States v. National Discount Corporation, 7 Cir., 104 F.2d 611, 124 A.L.R. 283; Universal Credit Co. v. United States, 4 Cir., 111 F.2d 764; United States v. One 1937 La Salle Sedan Automobile, etc., 10 Cir., 116 F.2d 356; United States v. One 1941 Model Ford Coach Motor No. 18-6054018, 5 Cir., 138 F.2d 506; Kinston Auto Finance Co. v. United States, 4 Cir., 182 F.2d 543.

■■ The trial court found that Davis had a criminal record but apparently attached slight significance to its finding because the conviction was almost four years old and was outweighed by evidence of present reputation as a law abiding citizen. We cannot agree with the trial Court that this record was too remote.[2] Nor do we subscribe to the view that Congress did not intend that this statute should be literally complied with. See United States v. One 1936 Model Ford V-8 De Luxe Coach, supra. The court below believed that the claimants acted in perfect good faith and doubtless was impressed by the inequity which would result from a strict enforcement of the literal provisions of the statute. But we are dealing here with power not equity and since we have no power to relax the express provisions of the statute, it follows that the District Court should have denied claimants' petition for remission.

■ We notice now briefly the question of mootness which the appellees have raised in their motion to dismiss. It is their contention that the proceedings herein are *in rem* and, as the *res* has been delivered to appellees pursuant to an order of court, the subject matter of the controversy is no longer under the jurisdiction of the court. The contention is clearly without merit for several reasons, only one of which need be mentioned. In the first place the appeal is based on a remission of forfeiture in favor of appellees and not on the *in rem* forfeiture of the automobile involved. The proceeding herein is not an *in rem* procedure but takes unto itself the character of an action at law. In Reynal v. United States, 5 Cir., 153 F.2d 929, 931, this court speaking through Judge Hutcheson said:

> "We agree with the government that, except as to filing the libel and obtaining jurisdiction, admiralty procedure does not apply. A forfeiture proceeding after these preliminaries takes the character of a law action, and under Rule 81(a)(2), Federal Rules of Civil Procedure, 28 U.S.C.A. * * * is now governed by those rules. * * *"

This doctrine is well recognized. Four Hundred and Forty-Three Cans of Frozen Egg Product v. United States, 226 U.S. 172, 183, 33 S.Ct. 50, 57 L.Ed. 174; Vande-

---

1. Liquor Law Repeal and Enforcement Act of 1935, § 204(b) (3), 27 U.S.C. § 40a.

2. See United States v. One Hudson Coupe, 4 Cir., 110 F.2d 300, where the convictions were apparently five years before

the lien was acquired; United States v. O'Dea Finance Company, 8 Cir., 111 F.2d 358, where the conviction was seven years before the lien was acquired; Cf. United States v. One 1947 Model International Pickup Truck, D.C., 93 F.Supp. 974, 979.

643

vander v. United States, 5 Cir., 172 F.2d 100, 101; Colusa Remedy Co. v. United States, 8 Cir., 176 F.2d 554, 557.

In the light of the foregoing, the judgment in favor of the intervening petitioners is reversed, and the case is remanded to the District Court, with directions to enter final judgment against the appellees and in favor of the United States in the amount of $1,450 and for costs.

Reversed and Remanded with directions.