· **UNITED STATES of America,**

v.

**BOND FINANCE COMPANY, Claimant of One 1951 Buick Sedan, and Mossler Acceptance Company, d/b/a Allen-Parker Company, Claimant of One 1948 Chevrolet Truck.**

**No. 15165.**

United States Court of Appeals, Fifth Circuit.

Feb. 18, 1955.

Joseph B. Bergen, Asst. U. S. Atty., Savannah, Ga., William C. Calhoun, U. S. Atty., Augusta, Ga., for appellant.

Glenn B. Hester, John F. Hardin, Sanders, Thurmond & Hester, Augusta, Ga., for appellees.

Before HUTCHESON, Chief Judge, HOLMES, Circuit Judge, and DAWKINS, District Judge.

## PER CURIAM.

This is an appeal from an order of the district court which, condemning and forfeiting two automobiles, because used in violation of the Internal Revenue laws, mitigated the forfeiture by ordering the surrender of the property to lien claimants.

The ground of appeal is that the lien claimants failed to comply with the requirements of Section 3617(b) (3), Title 18 U.S.C., providing that if it appears that the lienor has "a record or reputation for violating laws of the United States or of any State relating to liquor", the lien claimant must prove that he made the inquiry required by the section and was informed that such lienor had no such record or reputation.

Appellees concede that they did not make the inquiry required by the section. They insist, though, that the section was not applicable to this case because the United States did not establish that the lienor, the violator Linwood, had a record or reputation. This is the way appellees state the issue:

"Thus in the instant case there is solely one issue to be determined by the court: Has the United States established that Joe Marvin Linwood had such a reputation within the contemplation of Section 3617(b) (3) Title 18, United States Code. If so, then the applications for remission should be denied, since the required inquiry was not made. If not, therefore, the applications for remission may be granted since in that event an inquiry was not required."

In support of this contention, appellees insist that the answer of the government's witness, N. W. Vick, to the inquiry whether he knew the reputation of Linwood, "His reputation ever since I have known him, which has been over a period of some two years or better, of being an illicit whiskey dealer in a major way" was sufficient proof.

The United States replies that no contrary proof was offered by the appellees, that the district judge did not find to the contrary of or otherwise discredit this testimony, but that, on the contrary, he decided the case in favor of lienors, not because Linwood did not have a reputation but because he thought that since claimants had testified that they did not know, and had not heard, that Linwood had a reputation, they were relieved from making the inquiry.

This will not do. Upon the record in this case, the section invoked by the United States applies, and since claimants confessedly did not comply with it, they were not entitled to mitigation.[1]

The judgment is reversed and the cause is remanded with directions to deny the claims.

1. United States v. O'Dea Finance Co., 8 Cir., 111 F.2d 358; Murdock Acceptance Corp. v. United States, 5 Cir., 172 F.2d 552, 553; One 1951 Chevrolet Pickup Truck, Motor No. JBA504187 v. U. S., 5 Cir., 212 F.2d 662; United States v. McArthur, 5 Cir., 117 F.2d 343; United States v. One 1950 Dodge Sedan, 5 Cir., 211 F.2d 738; Murdock Acceptance Corp. v. U. S., 5 Cir., 218 F.2d 702.