**UNITED STATES of America,**
**Libellant,**

v.

**ONE 1959 MERCURY MONTCLAIR 4-DOOR SEDAN, SERIAL NO. M9WB-535332, and all persons having or claiming any right, title or interest in or to, or claim or lien upon said automobile, Defendants.**

**Civ. A. No. 1034.**

United States District Court
N. D. Florida,
Pensacola Division.
June 30, 1960.

C. W. Eggart, Jr., Asst. U. S. Atty., Pensacola, Fla., Wilfred C. Varn, U. S. Atty., Tallahassee, Fla., for libellant.

Fletcher Fleming, Shell, Fleming & Davis, Pensacola, Fla., for defendants.

CARSWELL, Chief Judge.

Under Title 18 U.S.C. § 3617, claimant seeks remission of forfeiture under the internal revenue laws relating to liquor. The case is submitted on stipulation which sets forth the following facts:

On July 18, 1959, within the Northern District of Florida, the Mercury automobile in question was seized while being used by Walter Sanders in violation of the internal revenue laws in the transportation, removal, deposit and concealment of distilled spirits whereon a tax was imposed by the laws of the United States, and which tax had not been paid.

The claimant is the owner of an interest in the automobile, which interest is in excess of the appraised value of the vehicle. On or about May 19, 1959, the vehicle was sold by claimant to one Edward Slaton, Jr., and Walter Sanders, title being taken in both their names. Both Slaton and Sanders executed a chattel mortgage to claimant to secure the net balance of the purchase price and finance charges. It is conceded by the government that the claimant at no time had knowledge or reason to believe that the automobile was being or would be used in violation of the laws of the United States or of any state with respect to liquor.

At the time of sale, the claimant had expected to assign the chattel mortgage to Associates Discount Corporation, Cincinnati, Ohio. Prior to Associates acquiring its interest in the vehicle, Associates secured a credit report from the Cincinnati Credit Bureau on Edward Slaton, Jr., for financing. No credit report was secured on Walter Sanders, the other copurchaser.

Neither the claimant nor Associates Discount Corporation made the inquiry contemplated by Title 18 U.S.C. § 3617 (b) (3), with respect to Edward Slaton, Jr., or Walter Sanders.

Had proper inquiry been made at the time claimant acquired its interest as to the record or reputation of Edward Slaton, Jr., in all places mentioned in Section 3617(b) (3), claimant would have been advised that Edward Slaton, Jr., had no record or reputation for violating the laws of the United States or of any state relating to liquor.

Had claimant at the time it acquired its interest in the automobile inquired in Cincinnati, Ohio, and in the county in which Cincinnati is located, of the officers designated in Section 3617(b) (3) as to the record and reputation of Walter Sanders for violating the laws of the United States or of any state relating to liquor, claimant would have been advised that Sanders had no such record or reputation.

Prior to becoming a resident in Cincinnati, Sanders resided in Pensacola, Escambia County, Florida. Had such inquiry been made of the designated officers in Pensacola and Escambia County, Florida, claimant would have been advised that a record on file regarding Sanders showed a prior record of violations involving illicit liquor, and that Sanders was a fugitive as a result of violations of the internal revenue laws.

On the date that the automobile was purchased both Sanders and Slaton were residents of Cincinnati, Ohio. The vehicle was sold by claimant in Cincinnati, and the credit report regarding Slaton was secured in Cincinnati.

Before Associates Discount Corporation accepted the chattel mortgage, Slaton went to the Corporation's office to inquire about insurance coverage, and while he was there informed an agent of the Corporation that Sanders had stolen the car, and that Slaton wanted to collect the insurance. In checking the records, the agent noticed that the car was purchased jointly and that information and a credit report had been secured for Slaton only. The Corporation, exercising its prerogative, refused to accept the assignment of the chattel mortgage. This left the claimant with the security interest which it now seeks to protect in this proceeding.

The government opposes the remission proceeding on the basis of two contentions: (1) The interest of the claimant was not acquired in good faith, and, (2) Claimant's failure to inquire as to Sanders' reputation or record precludes a remission of the forfeiture.

As to the government's first contention, claimant states that there is no evidence before the Court which would warrant an inference that the interest of the claimant was not made in good faith. Claimant takes the position that the submission of credit information on Slaton and not on Sanders was a mere oversight, and not indicative of any bad faith. The government contends that by taking credit information on Slaton, because of his long-time residence in Cincinnati, and not on Sanders, because of his short term residence, the claimant was attempting to conceal something from the Associates Discount Corporation, and, therefore, was not acting in good faith.

The government's second contention is one which requires a review of some cases construing the statute dealing with remission of forfeitures.

The claimant argues that it is entitled to remission of the forfeiture despite the fact that it did not inquire into the record and reputation of Sanders in Cincinnati or anywhere else. Claimant contends that such an inquiry in Cincinnati would have produced negative results, and the law does not require one to perform a useless act. Since no further inquiry would have been required under the statute, unless claimant extended its inquiry for the purposes of credit and financial standing to Pensacola, claimant says that it would have satisfied the requirement of inquiry in the locale of the place of contract and the residence of the purchaser, and would, therefore, be entitled to a remission.

Claimant cites United States v. One 1936 Model Ford V-8 DeLuxe Coach, 307 U.S. 219, at page 236, 59 S.Ct. 861, at page 869, 83 L.Ed. 1249:

"These facts indicate that Congress intended a reasonable inquiry concerning the bootleg risk should be made in connection with the investigation of financial responsibility. They negative the notion that a wholly innocent claimant at his peril must show inquiry concerning

something unknown and of which he had no suspicion. * * *"

In Harris v. United States, 4 Cir., 215 F.2d 69, at page 76, the Court quoting Sorrells v. United States, 287 U.S. 435, 53 S.Ct. 210, 77 L.Ed. 413, stated:

" 'All laws should receive a sensible construction. General terms should be so limited in their application as not to lead to injustice, oppression, or an absurd consequence. It will always, therefore, be presumed that the legislature intended exceptions to its language, which would avoid results of this character. The reason of the law in such cases should prevail over its letter.' "

Claimant argues that the statute should be construed to avoid a forfeiture if it is reasonable to do so, because as was indicated in Manufacturers Acceptance Corporation v. United States, 6 Cir., 193 F.2d 622, forfeitures are not favored and should be enforced only when within both the letter and the spirit of the law; the statute is remedial with the purpose to afford relief where the claim is just and reasonable; and it should be liberally construed to carry out that result.

The government, on the other hand, cites a Fourth Circuit case, United States v. One 1955 Model Buick, 241 F.2d 90, which held that the claimant is not entitled to remission of forfeiture in absence of inquiry, even if the inquiry in a particular locale would not have revealed any record or reputation. In that case it was held that where the claimant made no inquiry anywhere before acquiring its interest, and the purchaser had a bad record and reputation for liquor violations in an adjoining state, though not in the locality where the purchase was made or where purchaser resided, the statute did not authorize the District Court to remit the forfeiture.

While the cases cited by claimant contain comforting statements, these cases are not applicable to the facts herein. The statute appears to be construed uniformly throughout the various circuits.

The facts in this case are generally analogous to the facts in the Buick case cited. Here, however, instead of the purchaser having a record in an adjoining state, purchaser had a record in a state far removed from his residence and place of purchase. This Court need not look to distance in the application of the principles as enunciated by the Fifth Circuit which has held that before the District Court can exercise any discretion with respect to remission of forfeitures, the claimant must affirmatively show that it has complied with the three requirements set forth in the statute. United States v. Federal Credit Co., 5 Cir., 117 F.2d 341; United States v. One 1941 Model Ford Coach, 5 Cir., 138 F.2d 506; United States v. McArthur, 5 Cir., 117 F.2d 343. In Murdock Acceptance Corporation v. United States, 5 Cir., 172 F.2d 552, 553, the claimant there conceded that the purchaser had a record or reputation for liquor law violations, and that claimant failed to make inquiry of the various officers of state and federal governments designated in the statute. The Court there stated:

" * * * the evidence showed that the owner had a reputation for state and federal liquor-law violations, and failed to show compliance with the requirements as to investigation contained in said Section 646(b) [now codified as Section 3617 (b) (3)]. The statute does not contemplate a hypothetical compliance with its terms. The statutory requirements are real, positive, and unequivocal; they must be substantially fulfilled, they are in fact conditions precedent to the remission or mitigation of a forfeiture in this case; and the burden of proving compliance with the conditions was upon appellant."

In the McArthur case, supra, the Court held that it was powerless to remit or mitigate the forfeiture unless the required investigation had been made. By neglecting to make any investigation the claimants assumed the risk. In United

States v. Dodd, 5 Cir., 205 F.2d 260, 262, it was stated that:

"Congress enacted the remission statute, supra, to provide a means of relief in meritorious cases. The court has no discretion to decree remission until the applicable conditions precedent have been complied with. * * * Although this statute is remedial in its nature, where it appears that a claimant has been negligent or in good conscience ought not to be relieved, the court should deny his application. * * *"

The granting of relief under this statute is not a matter of equity, and since it is not, the court has no power to relax the express provisions of the statute. United States v. One 1950 Lincoln Sedan, 5 Cir., 196 F.2d 639.

The claimant in the case at bar, although making inquiry with respect to one of the owners, Slaton, took no credit information, made no inquiry, nor, in fact, took any action whatsoever with respect to Sanders even in token compliance with the statute.

It is not necessary for this Court to answer the question of the claimant's good faith. Assuming there were good faith, the claimant would not be entitled to remission or mitigation of the forfeiture.

 Had the claimant inquired in the Cincinnati area as to all of the agencies designated in the statute, the Court could consider remission of forfeiture, since the statute merely requires that claimant inquire in the place where its credit investigation is made. Had the investigation centered only in the Cincinnati area and claimant had inquired of the offices in that area, there would have been a compliance with the conditions precedent and the Court then could have considered the other facts in mitigation. The claimant's cited cases in support of remission are not at all in conflict with the cases cited by this Court. The statute does not bar application of equitable principles in exercising its discretion, but this Court cannot exercise its discretion and apply equitable principles until the conditions precedent in the statute have been satisfied. On the basis of the foregoing decisions in this circuit, this Court has no power under the statute to remit the forfeiture.

Decree accordingly.