## UNITED STATES v. FRANK GRAHAM CO.
### No. 13947.

United States Court of Appeals
Fifth Circuit.

Oct. 28, 1952.

Lamar N. Smith, Asst. U. S. Atty., J. Ellis Mundy, U. S. Atty., Atlanta, Ga., for appellant.

Harry S. McCowen, Atlanta, Ga., for appellee.

Before HUTCHESON, Chief Judge, and HOLMES and RUSSELL, Circuit Judges.

HUTCHESON, Chief Judge.

Appealing from a judgment of remission entered under Section 3617,[1] Title 18 U.S.C.A., the United States is here insisting that the stipulation [2] on which the question

1. "§ 3617. Remission or mitigation of forfeitures under liquor laws; possession pending trial—(a) jurisdiction of court
"Whenever, in any proceeding in court for the forfeiture, under the internal-revenue laws, of any vehicle or aircraft seized for a violation of the internal-revenue laws relating to liquors, such forfeiture is decreed, the court shall have exclusive jurisdiction to remit or mitigate the forfeiture."

2. "1. That Frank Graham Company is the owner of the automobile.

"2. That on the afternoon of June 16, 1950, Frank Graham Co. loaned the automobile to William Preston Archer in good faith, not knowing or having any reason to believe that William Preston Archer would use the automobile in the removal and concealment of the non-tax paid spirits.

"3. That, at the time Frank Graham Company loaned the automobile to William Preston Archer, the said William

was tried below showed that claimant was within, but not in compliance with, subsection (b)(3)[3] of the section.

The appellee, relying upon: the stipulation showing that on the afternoon of June 16, 1950, claimant loaned the automobile in question "in good faith not knowing, or having any reason to believe, that the loanee would use the automobile" in violation of the law; the decision of the Supreme Court in United States v. One Model Ford, 307 U.S. 219, 59 S.Ct. 861, 83 L.Ed. 1249; and the carefully stated reasoning[4] of the district judge in support of his judgment; insists that subsection (b)(3) is without application.

Appellant, stating that there is one question for consideration thus poses it:

"Is a dealer in automobiles, who lends an automobile to a customer having at the time a reputation for violating laws of the United States and a State relating to liquor, required to make the 'bootleg hazard' investigation in accordance with Section 3617(b) (3) of Title 18, U.S.C.A. before the Court would be authorized to remit a forfeiture of the automobile?"

Appellee, not taking issue with this statement of the question except to suggest that it would be more accurately put if the reputation were particularized as it appears set out in stipulation six, note 2, accepts appellant's challenge to debate it on those grounds and urges with confidence that the district judge properly answered it in the negative and his decision must be affirmed.

We agree with appellee.

Because the district judge has carefully canvassed the question and as carefully given his reasons for his answer, and because we are in general agreement not only with the result he reached but with the reasons given by him, we will not unduly extend this opinion. It will suffice for us to here reaffirm the obligatory nature and force of the conditions fixed in subsection (b) and the necessity for compliance with them, when they are applicable, as we have set them out in recent cases,[5] and to declare: that the facts disclosed by the stipulation do not bring the cases within the letter of the invoked subsection, the mischief whose suppression the forfeiture statutes were enacted to reach or the true

Preston Archer did not have a record for violating State or Federal Liquor Laws.

"4. That before loaning the automobile to William Preston Archer the Frank Graham Company did not investigate to see whether or not William Preston Archer had a record or reputation for violating State or Federal Liquor Laws, according to Section 3618 [3617] (b), Title 18, U.S.C. effective Sept. 1, 1948.

"5. William Preston Archer was a satisfactory customer of Frank Graham Company and was known by it to be in the employ of Archer Plumbing Company. He had purchased an automobile from the company about a year previously, and the Repair Department of the Company had done several repair jobs for him.

"6. It is further stipulated that for a year or more prior to June, 1950, William Preston Archer had a reputation for violating State and Federal liquor laws with the Chief of Police of Mountain ı ark, Georgia; with one of the officers of the Fulton County police force stationed in North Fulton County; and with one of the agents of the State of Georgia Alcohol Tax Unit stationed in North Fulton County; but did not have a general or public reputation for violating such laws. During the time referred to, said William Preston Archer lived in Mountain Park, which is in North Fulton County."

3. "(b) Conditions precedent to remission or mitigation

"In any such proceeding the court shall not allow the claim of any claimant for remission or mitigation unless and until he proves * * * and (3) if it appears that the interest asserted by the claimant arises out of or is in *any way subject to any contract or agreement under which any person* having a record or reputation for violating laws of the United States or of any State relating to liquor *has a right with respect to such vehicle or aircraft*, that, before such claimant acquired his interest, *or such other person acquired his right under such contract or agreement*, whichever occurred later, the claimant, his officer or agent, was informed in answer to his inquiry, * * *."

4. U. S. v. One Mercury Sedan, D.C., 100 F.Supp. 957.

5. Murdock Acceptance Corp. v. U. S., 5 Cir., 172 F.2d 552; U. S. v. One Lincoln Sedan, 5 Cir., 196 F.2d 639.

reason of the remedy;[6] that the invoked subparagraph 3 is not applicable; and that it was not error to enter the order of remission. Indeed we are of the opinion that its entry was demanded. That Sec. 3617 is a highly remedial act and should be so construed has been vigorously declared by the Supreme Court in 307 U.S. at page 226, 59 S.Ct. at page 864:

"Manifestly, section 204 is a remedial measure. It empowers the courts, exercising sound discretion, to afford relief to innocent parties having interests in condemned property where the claim is reasonable and just. Its primary purpose is not to protect the revenues; but this is proper matter for consideration whenever remission is sought. The section must be liberally construed to carry out the objective. The point to be sought is the intent of the lawmaking powers. Forfeitures are not favored; they should be enforced only when within both letter and spirit of the law. Farmers' & M. National Bank v. Dearing, 91 U.S. 29, 33–35, 23 L.Ed. 196. If any claimant has been negligent or in good conscience ought not be relieved, the court should deny his application.

"Consideration of the statutory provisions relative to remissions prior to section 204 and the circumstances of its adoption will enlighten the purpose entertained by Congress.

\*  \*  \*  \*  \*  \*

"These facts indicate that Congress intended a reasonable inquiry concerning the bootleg risk should be made in connection with the investigation of financial responsibility. They negative the notion that wholly innocent claimant at his peril must show inquiry concerning something unknown and of which he had no suspicion. Dealers do not investigate what they have no cause to suspect.

"The forfeiture acts are exceedingly drastic. They were intended for protection of the revenues, not to punish without fault. It would require un-clouded language to compel the conclusion that Congress abandoned the equitable policy, observed for a very long time, of relieving those who act in good faith and without negligence, and adopted an oppressive amendment not demanded by the tax officials or pointed out in the reports of its committees." 307 U.S. at page 236–237, 59 S.Ct. at pages 869–870.

The judgment of remission was right. It is affirmed.

---

6. Masonite Corp. v. Fly, 5 Cir., 194 F.2d 257 at page 260, note 7.