**UNITED STATES v. ONE 1949 CHEVROLET PICKUP TRUCK, MOTOR NO. AGCA 162576.**

Civ. A. 1197.

United States District Court
S. D. Mississippi, S. D.

March 17, 1953.

Joseph E. Brown, U. S. Atty., Jackson, Miss., for the United States.

T. J. White, Gulfport, Miss., for the claimants, Fore and Crain.

WATSON, District Judge.

This is a civil libel of information against One 1949 Chevrolet Pickup Truck, Motor No. AGCA 162576,[1] seeking its forfeiture under 26 U.S.C. § 3321, because of the use of the vehicle in violation of the Internal Revenue Laws of the United States, 26 U.S.C. §§ 3116 and 3321.

Fore and Crain, a partnership composed of Jack Fore and A. Crain, doing business as Fore & Crain Garage, have filed a claim as the true and lawful owners of the vehicle, and petition the court for remission and mitigation of forfeiture under the provisions of 18 U.S.C. § 3617.

The petition for remission came on for hearing, and the case was submitted to the court on a stipulation of facts. From such stipulation, the court makes the following findings of fact.

### Findings of Fact.

1. On or about the 10th day of December 1951, Rudolph Jacobs applied to Fore and Crain to purchase the above described vehicle on time.

2. The said Fore and Crain advised Rudolph Jacobs that they would investigate or cause an investigation to be made regarding his character and reputation for violations of any criminal law, particularly with reference to the handling of liquor on which the tax had not been paid and the operation of unregistered stills, etc.

3. It was then agreed that the petitioners herein, Fore and Crain, would allow the said Rudolph Jacobs to try out said pickup truck, and that they would and did immediately refer the matter to the Commercial Financing Company, requesting the Commercial Financing Company to immedi-

---

1. 1000 pounds of cane sugar which were on the truck were also seized and were forfeited under order of court, dated September 27, 1952.

ately make an investigation of the said reputation of Rudolph Jacobs and to ascertain if the said Financing Company would finance the said automobile for the said Rudolph Jacobs, and that while the said investigation was in progress, and before it was completed, the said Rudolph Jacobs, without any authority, express or implied, failed to return said truck to the claimants' garage, but on the other hand used the same in violation of the law as set forth in the United States Government libel of information filed herein.

4. That at the same time the Commercial Financing Company, duly authorized agents of Fore and Crain, were making and did make the necessary investigation and declined to handle the notes on the car for the said Rudolph Jacobs, but prior to the completion of said investigations, and prior to the completion of a valid sale to the said Rudolph Jacobs, the agents of the Alcohol Tax Unit seized said automobile on December 13, 1951, for the violation as set forth in the libel of information.

5. At the time the vehicle was seized, title to said vehicle was vested in the claimants.

6. Claimants at no time had any knowledge or reason to believe that the vehicle was being or would be used in violation of laws of the United States or of any State relating to liquor.

7. At the time of seizure, the vehicle was being used with an intent to defraud the United States.

8. Claimants' financial interest in the vehicle is $650.

## Discussion.

Claimants do not challenge the right of the Government to a decree of forfeiture, and from the facts and circumstances surrounding the search and seizure of the vehicle, the court finds the requisite intent to defraud the United States, thus making the vehicle subject to forfeiture under 26 U.S.C. § 3321. Claimants, however, do seek remission and mitigation of the forfeiture to the extent of their financial interest in said vehicle.

Under 18 U.S.C. § 3617, the court has jurisdiction to remit or mitigate the forfeiture, provided the claimant has satisfied three conditions precedent to the granting of such application.

(1) That claimant "has an interest in such vehicle or aircraft, as owner or otherwise, which he acquired in good faith."

(2) That claimant "had at no time any knowledge or reason to believe that it was being or would be used in the violation of laws of the United States or of any State relating to liquor.

(3) A "bootleg hazard" investigation has been made as set forth in the footnote below.[2]

There is no dispute as to claimants' compliance with the first two conditions. The controlling question is whether the third condition applied to the claimants.

▮ In this Circuit, it has been held that the third condition contained in subsection (b)(3) applies to commercial transactions and not to gratuitous loans. See United States v. One 1946 Mercury Sedan Automobile, D.C.N.D.Ga.1951, 100 F.Supp. 957,

2. Title 18 Section 3617(b) (3) reads as follows:
"(3) If it appears that the interest asserted by the claimant arises out of or is in any way subject to any contract or agreement under which any person having a record or reputation for violating laws of the United States or of any State relating to liquor has a right with respect to such vehicle or aircraft, that, before such claimant acquired his interest, or such other person acquired his right under such contract or agreement, whichever occurred later, the claimant, his officer or agent, was informed in an-

swer to his inquiry, at the headquarters of the sheriff, chief of police, principal Federal internal-revenue officer engaged in the enforcement of the liquor laws, or other principal local or Federal law-enforcement officer of the locality in which such other person acquired his right under such contract or agreement, of the locality in which such other person then resided, and of each locality in which the claimant has made any other inquiry as to the character or financial standing of such other person, that such other person had no such record or reputation".

affirmed in United States v. Frank Graham Co., 5 Cir., 1952, 199 F.2d 499.

In the instant case, the prospective purchaser, Rudolph Jacobs, was permitted to use the vehicle on trial, but the court does not find that there was any intent to pass any property in the vehicle to him at that time. After trying out the vehicle, Jacobs was to return the vehicle, and if the claimants' statutory investigation of his record and reputation for violating laws of the United States or of any State relating to liquor proved satisfactory, and claimants also found him to be financially responsible, claimants would then sell Jacobs the vehicle. The transaction, therefore, was not a sale or contract to sell, but rather a mere loan. At the time of the seizure, Jacobs was at most a bailee, with title remaining in the lender. It would also appear that Jacobs may have been guilty of conversion, because it has been stipulated and agreed that he failed to return said vehicle at the prescribed time, although the record is not clear as to just when it was to be returned.

Since Jacobs had not as yet acquired any right with respect to such vehicle under a contract or agreement with the claimants, there was no duty imposed on the claimants by subsection (b)(3) of 18 U.S.C. § 3617 to make the required investigation before granting permission to Jacobs to try out the vehicle. That Section 3617 is a highly remedial act and should be so construed has been vigorously declared by the Supreme Court in United States v. One 1936 Model Ford, 307 U.S. 219, 59 S.Ct. 861, 83 L.Ed. 1249, and restated by the Court of Appeals for this Circuit very recently in United States v. Frank Graham Co., 199 F.2d 499, supra.

Having determined that claimants were not within subsection (b)(3), and having found that claimants were in compliance with subsections (b)(1) and (2), claimants are entitled to a judgment of remission.

### Conclusions of Law.

1. The vehicle, One 1949 Chevrolet Pickup Truck, Motor No. AGCA 162576, was subject to forfeiture under 26 U.S.C.

§ 3321, and a decree of forfeiture, therefore, is allowed.

2. Claimants, Fore and Crain, a partnership composed of Jack Fore and A. Crain, doing business as Fore & Crain Garage, have complied with 18 U.S.C. § 3617, and, therefore, claimants are entitled to remission and mitigation of the forfeiture upon payment of all expenses incident to seizure, accrued storage charges and all costs of court, which is hereby ordered.