## UNITED STATES v. DODD.
### No. 14312.

United States Court of Appeals
Fifth Circuit.
June 12, 1953.

John D. Hill, U. S. Atty., L. Drew Redden and J. Thomas King, Asst. U. S. Attys., all of Birmingham, Ala., for appellant.

No appearance entered on behalf of appellee.

Before HUTCHESON, Chief Judge, and BORAH and RUSSELL, Circuit Judges.

RUSSELL, Circuit Judge.

The United States brought this action under 26 U.S.C.A. § 3321 for the forfeiture of a 1950 Chevrolet automobile which was used by Dewey and Newton Dodd in the removal, deposit and concealment of 30 gallons of non-tax-paid distilled spirits on July 26, 1951. L. E. Dodd sought remission of the forfeiture under 18 U.S.C.A. § 3617, claiming that he was the owner of the vehicle. It was stipulated that the claimant owned

an interest in the automobile, acquired in good faith, and that the vehicle was guilty as charged and thus subject to forfeiture.

Upon consideration of the testimony, the district judge found that the claimant "had at no time any knowledge or reason to believe said automobile was being or would be used in violation of the laws of the United States or of the State of Alabama relating to liquor", and decreed that the forfeiture be remitted. Upon this appeal the United States does not complain of the ruling of the trial court that since the automobile seized was in the possession of a gratuitous bailee, the claimant for remission was not required to comply with subsection (b) (3) of the statute relating to the so-called "bootleg hazard" investigation.[1] The complaint is that under the evidence in the case the court's finding that the claimant had no knowledge or reason to believe that the automobile was being or would be used in violation of the laws of the United States or any state relating to liquor is so contrary to the weight of the evidence and the inferences which the court was reasonably required to draw therefrom that the finding is clearly erroneous.

Our consideration of the record convinces us that the appellant's claim of error is sustained and that the finding of the trial court upon which was based its judgment of remission of forfeiture evidences a misconception of the proper force and effect of the testimony in the case when considered in connection with the provisions and purpose of the statute, and is consequently clearly erroneous. If the contrary finding is not required as a matter of law, it clearly is the only one which properly should be made as a matter of fact. As shown by the claimant's own testimony, on the night the automobile was seized, Newton Dodd, referred to in the testimony as Newt, and a boy named Plunkett, came by his house to get him to post bond for Newt's son, Grady, Robert Plunkett and Lecil Plunkett, who had shortly before been arrested at an illegal distillery. He and his son Dewey took Newt and the Plunkett boy and made bond for the three confined. Dewey is claimant's son and Newt is his second cousin, and Grady is Newt's son and claimant's third cousin. Returning home around twelve o'clock, midnight, claimant got out of the car at his home and told Dewey to take the other people home. Shortly after daylight he was notified that the car had been seized as above stated. Claimant testified that his son used the car any time he wanted it, but that if he and Newt had any arrangements about hauling liquor before he got out of the car he did not know anything about it and nothing was said to this effect. The claimant admitted knowledge of the extensive record of his relative Newt Dodd for violating the liquor laws. This record, as shown by the evidence, discloses that Newt Dodd has received penitentiary sentences in four cases. In five other cases he had received fines. He had been convicted in 1927, 1930, 1931, 1933, 1939 three times in 1940, in 1946, and 1949. He admitted knowledge of the record of his son, Dewey, for violations of the liquor laws. This record included a conviction in 1937 for manufacturing whiskey, and in 1939 for an attempt to manufacture whiskey. He was arrested in 1949 with a gallon of whiskey in the automobile in which he was riding, but the case against him was dismissed because the other party in the automobile claimed the whiskey. Only a month and a half prior to the seizure giving rise to the instant case, Dewey was arrested for possessing illegal liquor, but the case was *nol prossed* upon his payment of the court costs. Claimant himself has, on two occasions, been arrested for illegal possession of small quantities of non-tax-paid liquor. The claimant's admitted knowledge of such prior records and violations of the liquor laws by his son and his two relatives who were in the car at the time he permitted it to be driven away from his home, immediately after one of such relatives had been freed from jail after arrest upon a liquor distilling charge, leaves the attempt to prove by the county sheriff and the county

1. 18 U.S.C.A. § 3617; United States v. Frank Graham Co., 5 Cir., 199 F.2d 499.

262

solicitor that Dewey Dodd had a good reputation without any substantial weight. On behalf of the government it was testified that Dewey had a bad reputation concerning liquor and that Newt Dodd's reputation was of dealing with liquor continuously except when he was serving sentences of confinement. In the circumstances of the case, we see no proper basis for any finding other than that the claimant, in the exercise of the reasonable diligence which the law requires, had reason to believe that his automobile would be used in the violation of the laws of the United States or the State of Alabama relating to liquor.

Congress enacted the remission statute, *supra,* to provide a means of relief in meritorious cases. The court has no discretion to decree remission until the applicable conditions precedent to such relief have been complied with. United States v. Federal Credit Co., 5 Cir., 117 F. 2d 341; United States v. One 1937 La Salle Sedan Automobile, 10 Cir., 116 F.2d 356; Universal Credit Co. v. United States, 4 Cir., 111 F.2d 764. Although this statute is remedial in its nature, where it appears that a claimant has been negligent or in good conscience ought not to be relieved, the court should deny his application. United States v. One 1936 Model Ford Coach, 307 U.S. 219, 226, 59 S.Ct. 861, 83 L.Ed. 1249. As we recently held in United States v. One 1950 Lincoln Sedan, 5 Cir., 196 F.2d 639, the granting of relief under this statute is not a matter of equity and since it is not, the court has no power to relax the express provisions of the statute.

In order to secure the relief provided for by this statute it was encumbent upon claimant to prove not only that he had no knowledge that his automobile was being or would be used in the violation of the liquor laws, but also that he had no reason to believe that it would be so used. While this requirement is exacting, it is nevertheless a prerequisite of the remission statute.

Giving to the evidence and the circumstances in the case the weight and effect to which we think they are properly entitled, we are unable to approve the finding of the trial court and are constrained to set it aside as clearly erroneous. We reverse the judgment and remand the cause with directions that the prayer for the remission of the forfeiture of the automobile be denied.

Reversed and remanded.