UNITED STATES of America, Appellant,

v.

RENT–A–CAR SERVICE OF FLORIDA, Inc., Claimant of One 1951 G.M.C. Truck, Appellee.

No. 16084.

United States Court of Appeals Fifth Circuit.

Dec. 11, 1956.

E. David Rosen, Asst. U. S. Atty., James L. Guilmartin, U. S. Atty., Miami, Fla., for appellant.

Joseph M. Paniello, Gregory, Cours & Paniello, Tampa, Fla., for appellee.

Before RIVES, TUTTLE and JONES, Circuit Judges.

TUTTLE, Circuit Judge.

This is an appeal by the Government from an order of the trial court in an automobile condemnation case forfeiting the vehicle and then remitting it to its owner, Rent-A-Car Service of Florida, Inc.

On September 22, 1954, Rent-A-Car Company rented the truck in question to one Julian L. Blizzard. At that time Blizzard had been arrested and was under indictment for possessing and transporting nontax-paid liquor. The company did not make inquiry of any official as to Blizzard's record or reputation as to liquor law violations, as provided for in 18 U.S.C.A. § 3617(b).[1] On September 24 the vehicle, a panel truck, was seized while being used in violation of Internal Revenue laws relating to liquor violations. For the purpose of this trial the parties assumed that the previous arrest and indictment of Blizzard constituted a "record," as contemplated in the Act.

Upon claim being filed by appellee, the trial was had and the court remitted the truck to its owner, holding that the third subsection of Title 18 U.S.C.A. § 3617(b) did not include a claimant in the position of the Rent-A-Car Company here.

The Government here attacks, and the appellee defends, this holding and reasoning by the trial court. The latter is supported by a case involving the identical facts decided by the Court of Appeals for the Fourth Circuit. Harris v. United States, 4 Cir., 215 F.2d 69. In that case the court held, one judge dissenting, that although the parties to a car rental agreement come within the letter of the statute it was the duty of the court to determine whether such inclusion would also come within the spirit of the law. The court said:

"Manifestly, then, the case comes within the letter of 18 U.S.C.A. § 3617(b) (3), for claimant's interest is 'subject to any contract or agreement under which any person having a record or reputation for violating laws of the United States or of any State relating to liquor has a right with respect to such vehicle'. And the statutory inquiry must be made 'before such claimant acquired his interest, or such other person acquired his right under such contract or agreement'. We think, however, that claimant does not come under either the spirit of the Act, or the legislative intent, or the end and purpose which Congress had in mind

---

[1] "(b) *Conditions precedent to remission or mitigation*

"In any such proceeding the court shall not allow the claim of any claimant for remission or mitigation unless and until he proves (1) that he has an interest in such vehicle or aircraft, as owner or otherwise, which he acquired in good faith, (2) that he had at no time any knowledge or reason to believe that it was being or would be used in the violation of laws of the United States or of any State relating to liquor, and (3) if it appears that the interest asserted by the claimant arises out of or is in any way subject to any contract or agreement under which any person having a record or reputation for violating laws of the United States or of any State relating to liquor has a right with respect to such vehicle or aircraft, that,

before such claimant acquired his interest, or such other person acquired his right under such contract or agreement, whichever occurred later, the claimant, his officer or agent, was informed in answer to his inquiry, at the headquarters of the sheriff, chief of police, principal Federal internal-revenue officer engaged in the enforcement of the liquor laws, or other principal local or Federal law-enforcement officer of the locality in which such other person acquired his right under such contract or agreement, of the locality in which such other person then resided, and of each locality in which the claimant has made any other inquiry as to the character or financial standing of such other person, that such other person had no such record or reputation." 18 U.S.C.A. § 3617(b).

when the Act was passed. We believe that § 3617(b) (3) is not applicable to those engaged in the customary course of the U-Drive-It business; and it is applicable primarily to those doing a banking, financing or other similar type of business, involving chattel mortgages, conditional sales, lending money with the vehicles as security for the loan, in all of which it is customary to make credit inquiries about those who are to have possession of the vehicle." Harris v. United States, 4 Cir., 215 F.2d 69, 75.

That court fully reviewed the cases in which a similar question was presented. We do not believe it necessary to repeat that review here. The court noted that in none of them which upheld the Government's position was the applicability of this section to rent-a-car companies expressly considered and passed upon. The court's approach to the construction of the statute is soundly based, as is apparent from United States v. One 1936 Model Ford V-8 De Luxe Coach, 307 U.S. 219, 59 S.Ct. 861, 83 L.Ed. 1249. There the Court affirmed a decision of this Court, which in turn approved the reasoning of the Fourth Circuit case of United States v. One 1936 Model Ford V-8, 4 Cir., 93 F.2d 771. In construing the very same section of this statute the Supreme Court held that there was no duty on the lienor to make inquiry as to the record of an undisclosed real owner where the purchase was made by his "straw man," even though the letter of the statute would require such inquiry. The Court said:

"Manifestly, section 204 is a remedial measure. It empowers the courts, exercising sound discretion, to afford relief to innocent parties having interests in condemned property where the claim is reasonable and just. Its primary purpose is not to protect the revenues; but this is proper matter for consideration whenever remission is sought. The section must be liberally construed to carry out the objective. The point to be sought is the intent of the law-making powers. Forfeitures are not favored; they should be enforced only when within *both letter and spirit* of the law. Farmers' & Mechanics' National Bank v. Dearing, 91 U.S. 29, 33–35, 23 L.Ed. 196 * * *." (Emphasis supplied.) United States v. One 1936 Model Ford V-8 De Luxe Coach, 307 U.S. 219, 226, 59 S.Ct. 861, 864, 83 L.Ed. 1249.

The liberal construction of this particular section, and the theory that it primarily intends to require an investigation where a credit inquiry is made was approved by this Court. United States v. Frank Graham Co., 5 Cir., 199 F.2d 499.

■ We think it clear, as pointed out in Harris v. United States, supra, United States v. One 1936 Model Ford V-8 De Luxe Coach, supra, and the Graham case of this Circuit that subdivision (3) of this sub-section of the statute was primarily intended to cause an inquiry to be made in connection with credit or character investigations. The auto-rental business is nowhere referred to in the legislative history of the law in question, and it must therefore be concluded that no such relationship as here existed was intended to be dealt with.

■ We find, therefore, upon the reasoning and authority of the Harris case, that the relationship existing between the appellee here and its renter, Blizzard, was not such as required appellee to make the statutory inquiry as to a record for liquor violations on the part of Blizzard.

The judgment is

Affirmed.