UNITED STATES of America,
Libelant,

v.

ONE 1955 MODEL FORD SEDAN, Serial
No. U5MC 151390 (R. D. Carrigan, an
individual doing business as Russell's
Used Cars, Claimant).

Civ. A. No. 1794.

United States District Court
S. D. Alabama, S. D.

May 13, 1958.

Thomas M. Haas, Asst. U. S. Atty.,
Mobile, Ala., for libelant.

Allwin T. Agee, Prichard, Ala., for
claimant.

DANIEL HOLCOMBE THOMAS,
District Judge.

This is an action to condemn and forfeit "One 1955 Ford Sedan, Serial No. U5MC 151390," as provided by the Internal Revenue Code of 1954, Sections 7301 and 7302, 26 U.S.C.A. §§ 7301, 7302. R. D. Carrigan, an individual, doing business as "Russell's Used Cars", petitioned for remission or mitigation of forfeiture under the provisions of 18 U.S.C.A. § 3617. The issue presented for the court's decision is whether remission of forfeiture should be granted.

Findings of Fact

From the stipulation of the parties, the court adopts the following findings:

1. R. D. Carrigan, an individual, does business as "Russell's Used Cars". The legal title to the automobile sought to

be condemned is vested in Russell's Used Cars, under a contract of conditional sale, dated September 22, 1956, executed between Bessie Smith, purchaser, and Russell's Used Cars, seller. This contract was not assigned. Instead, the automobile was financed by the seller. The terms of the conditional sale contract provided for monthly installments of $78.88, after an initial down payment of $400.

2. Bessie Smith, the purchaser of the car, is married to Pelmon Smith. She has a son, David Taylor, Jr., born of a previous union. Bessie Smith received monthly Social Security payments of $30. She had received these payments for approximately twelve years prior to their termination in December 1956. She had saved some of this money and used it for the down payment on the car. The stipulation fails to disclose any other source of income from which Bessie Smith could have met the monthly installment payments of $78.88. The stipulation does disclose that she is a housewife and was pregnant at the time the automobile was purchased.

3. Prior to the sale, Russell's Used Cars requested and received a credit report on both Bessie Smith and Pelmon Smith. This report contained no information regarding the record or reputation of either the husband or the wife for violating the laws of the United States or of any State as they relate to liquor. No further investigation was made.

4. If further inquiry had been made prior to the sale, it would have revealed that Bessie Smith had neither a record nor a reputation as a liquor law violator. However, her husband possessed at that time a record and a well-known reputation for violating the liquor laws, a fact which would have been discovered if further investigation had been made. David Taylor, Jr., the son of Bessie Smith, also had a record and reputation as a liquor law violator.

5. The automobile was seized by Agents of the Alcohol and Tobacco Tax Unit, on January 10, 1957, in Mobile County, Alabama. At the time of seizure, Pelmon Smith and David Taylor, Jr., were using the car. The Agents found, concealed in the car, two gallons of distilled spirits on which a tax imposed by the laws of the United States had not been paid.

## Conclusions of Law

■ 1. The requirements of the statute for remission or mitigation of forfeiture, 18 U.S.C.A. § 3617, must be fulfilled before the court has discretion to grant remission of forfeiture. United States v. Dodd, 5 Cir., 205 F.2d 260, 262.

■ 2. Even though all the conditions precedent established by the statute are fulfilled, whether there shall be remission or mitigation of forfeiture is within the court's sound discretion, and is not a matter of right. United States v. Automobile Financing, Inc., 5 Cir., 99 F.2d 498, 499.

■ 3. Congress did not intend, in enacting statutory requirements for remission, to impose on a person who deals in automobile financing an obligation to ascertain at his peril the existence of a covered or secret interest, unless from the documents and the circumstances involved, the person financing or selling the car is put on notice to make further inquiry. United States v. One 1936 Model Ford V–8 De Luxe Coach, 307 U. S. 219, 225, 59 S.Ct. 861, 83 L.Ed. 1249; United States v. Automobile Financing, Inc., 5 Cir., 99 F.2d 498, 500.

■ 4. Where it appears that the claimant has been negligent or in good conscience ought not to be relieved, the court should deny his application. United States v. Dodd, supra, citing 307 U.S. 219, 59 S.Ct. 861, 83 L.Ed. 1249, supra.

■ 5. From the facts presented to the court by the stipulation of the parties, it is apparent the seller was put on notice that Bessie Smith would not be able to fulfill the financial obligations of her contract. The logical person to make the payments, or assist her in making them, was her husband. Undoubtedly, the seller was of that opinion.

He requested and received credit reports on both Bessie and Pelmon Smith. The court concludes that the seller was negligent in not inquiring of one of the officers named in 18 U.S.C.A. § 3617(b)(3), as to the record or reputation of the husband for liquor law violations. In the exercise of its sound discretion, the court is of the opinion that this is an instance when, in all good conscience, remission of forfeiture should not be granted.

The petition will be denied.