**UNITED STATES of America,**
**Libellant,**

v.

**ONE 1960 MODEL FORD TRUCK,**
**MOTOR NO. F10COA–17016.**

Civ. A. No. 542–E.

United States District Court
N. D. Alabama, E. D.

Dec. 21, 1960.

Hartwell Davis, U. S. Atty., and Ira DeMent, Asst. U. S. Atty., Montgomery, Ala., for libellant.

John P. Kohn, Montgomery, Ala., for petitioner, Associates Discount Corp.

JOHNSON, District Judge.

This cause is now submitted upon the motion for summary judgment made pursuant to Rule 56(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A., by the libellant, United States of America.

The motion for summary judgment is predicated upon the ground that it affirmatively appears in the petition for remission of forfeiture filed by petitioner on July 27, 1960, with the supervisor in charge of the Alcohol & Tobacco Tax, Birmingham, Alabama, and forwarded to this Court for filing on December 7, 1960, and from the exhibits to said petition, that no timely inquiry was made, as required by § 3617(b)(3), Title 18 of the U.S.C. The petition for remission of forfeiture made by the Associates Discount Corporation reflects that on June 4, 1960, one Selby H. Phelps, Jr., purchased an automobile from a dealer in Montgomery, Alabama, and that on or about the same day the petitioner purchased the conditional sales contract from the automobile dealer. The petition further avers that investigation was made concerning the reputation of Phelps, and the scope of the investigation is set out in Exhibit "B" to the petition. The scope of the investigation, as reflected by petitioner's exhibit, is as follows:

"We are unable to relate any facts as to the reputation of Mr. Phelps. The only references checked were Commercial Credit Corporation in Montgomery and Sheriff Lowe in Opelika. We did attempt to check with the sheriff in Russell County but was advised by the jailer that all arrest records were locked up and that the sheriff could not be reached."

The affidavits in support of the motion for summary judgment, which affidavits have not been contradicted or opposed, reflect that the purchaser of the automobile, and the individual that executed the contract purchased by the petitioner, resided in the Crawford Community in Russell County, Alabama, and had resided there for over a year prior to the time petitioner acquired the interest in the vehicle that has been forfeited. Thus, the issue presented in this matter is whether or not the petitioner is entitled to relief under the remedial statute aimed at relieving the harshness of forfeitures against claimants who have interest in vehicles used in violation of the internal revenue laws of the United States. This statute, Title 18, § 3617, U.S.C., authorizes United States courts to remit or mitigate in

these instances provided the claimant meets certain conditions. The conditions precedent to remission or mitigation, insofar as they pertain to the instant case, are:

> " \* \* \* if it appears that the interest asserted by the claimant arises out of or is in any way subject to any contract or agreement under which any person having a record or reputation for violating laws of the United States or of any State relating to liquor has a right with respect to such vehicle or aircraft, that, before such claimant acquired his interest, or such other person acquired his right under such contract or agreement, whichever occurred later, the claimant, his officer or agent, was informed in answer to his inquiry, at the headquarters of the sheriff, chief of police, principal Federal internal-revenue officer engaged in the enforcement of the liquor laws, or other principal local or Federal law-enforcement officer of the locality in which such other person acquired his right under such contract or agreement, of the locality in which such other person then resided, and of each locality in which the claimant has made any other inquiry as to the character or financial standing of such other person, that such other person had no such record or reputation."

The courts are given little discretion in these matters and are not authorized to apply equitable rules. See United States v. One 1955 Model Ford, etc., 5 Cir., 1958, 261 F.2d 125; United States v. Dodd, 5 Cir., 1953, 205 F.2d 260. The law is well settled that the inquiry concerning the reputation of the purchaser of the automobile must be made to the headquarters of the sheriff, chief of police, principal federal internal revenue officer engaged in the enforcement of liquor laws, or other principal local or federal law enforcement officer of the locality in which such other person acquired the right under the contract or agreement. Focusing this case, did the inquiry of the petitioner with the Commercial Credit Corporation in Montgomery, Alabama, and the sheriff in Opelika, Lee County, Alabama, and the attempt to check with the sheriff in Russell County, Alabama, satisfy the requirements of the law? Under the applicable cases in this circuit, the answer is no. See United States v. Federal Credit Co., 5 Cir., 1941, 117 F.2d 341. See also United States v. One 1935 Dodge, etc., 2 Cir., 88 F.2d 613. These cases leave no doubt but that the company purchasing the contract is required to inquire of the sheriff or some other official having jurisdiction over the locality of the residence of the purchaser of the automobile. The petition of Associates Discount Corporation for remission of forfeiture therefore affirmatively shows that said corporation has not met the conditions required by the forfeiture and remission statute. Since it does so affirmatively appear, the summary judgment must be granted. An appropriate order will be entered accordingly.