**UNITED STATES v. ONE 1952 CHEVRO-LET PICKUP TRUCK.**

Civ. A. No. 1229.

United States District Court
S. D. Mississippi, S. D.

March 17, 1953.

Jesse W. Shanks, Asst. U. S. Atty., Jackson, Miss., for the United States.

Webb Mize, of Mize, Thompson & Mize, Gulfport, Miss., for claimant, C. E. Anderson.

Jacob Guice, of Guice & Guice, Biloxi, Miss., for claimant, General Motors Acceptance Corp.

WATSON, District Judge.

This is a civil libel of information against One 1952 Chevrolet Pickup Truck, Motor No. KBA–248554, seeking its forfeiture under 26 U.S.C. §3321, because of the use of the vehicle in the alleged removal, deposit and concealment of non-tax-paid whiskey, in violation of 26 U.S.C. Sections 2803, 3116, and 3321.

C. E. Anderson, the owner of the vehicle, has filed an answer and claim challenging the right of the government to a decree of forfeiture, and in the alternative applies for a remission of forfeiture under 18 U.S.C. § 3617. General Motors Acceptance Corporation, the holder of a conditional sales contract on said vehicle, also seeks a remission of forfeiture. At the trial of the case certain matters were stipulated and are made part of the court's findings of fact.

Findings of Fact.

1. The vehicle was seized on June 11, 1952, by Investigators of the Alcohol and Tobacco Tax Division, Treasury Department of the United States, at a time when the vehicle contained 52 gallons of non-tax-paid whiskey.

2. At the time of seizure the vehicle was in the possession of one Rene Quavas.

3. C. E. Anderson has an interest in said vehicle as owner, which he acquired in good faith from the Jay Jay Motor Co.

4. General Motors Acceptance Corporation was the assignee of a conditional sales contract entered into between the Jay Jay Motor Co. and C. E. Anderson at the time the vehicle was purchased by C. E. Anderson.

5. C. E. Anderson was the operator of the Beach Club, where tax paid liquor was sold under a Retail Liquor Dealer's Stamp, and Rene Quavas was employed by him as a bar tender at said Club.

6. On various occasions, Rene Quavas operated the vehicle in question in relation to C. E. Anderson's business.

7. On several occasions, with the permission of C. E. Anderson, Rene Quavas used the vehicle to drive to his home in Bay St. Louis.

8. At the time of seizure, the vehicle was not being used for the business of C. E. Anderson.

9. Rene Quavas did not ask for, nor did C. E. Anderson grant him permission to use the vehicle on the evening of June 11, 1952.

10. C. E. Anderson had no knowledge as to whether Rene Quavas was engaged in illegal liquor traffic.

11. C. E. Anderson had no knowledge or reason to believe that the vehicle was being or would be used in violation of laws of the United States or of any State relating to liquor.

### Discussion.

Under the statute, 26 U.S.C. § 3321, an intent to defraud is a condition precedent to forfeiture, but this may be shown by circumstantial evidence. Busic v. United States, 4 Cir., 1945, 149 F.2d 794. The facts and circumstances surrounding the search and seizure of the vehicle in question all point to an intent to defraud the United States, and the vehicle was therefore subject to forfeiture under 26 U.S.C. § 3321.

Under 18 U.S.C. § 3617, the court has jurisdiction to remit or mitigate the forfeiture, provided the claimant has complied with the remission statute. The Act imposes three conditions precedent to the granting of such an application.

(1) That claimant "has an interest in such vehicle or aircraft, as owner or otherwise, which he acquired in good faith".

(2) That claimant "had at no time any knowledge or reason to believe that it was being or would be used in the violation of laws of the United States or of any State relating to liquor."

(3) Requirements respecting a "bootleg hazard" investigation which are applicable only to commercial transactions[1] and hence not material to the claim of C. E. Anderson. See United States of America v. Frank Graham Co., 5 Cir., 1952, 199 F.2d 499.

That C. E. Anderson had an interest in said vehicle as owner and acquired such in good faith is not open to dispute. The controlling question is whether the claimant has met the requirements of the statute relating to knowledge or reason to believe that the vehicle would be used in violation of the laws of the United States or of any State relating to liquor. The Court finds that claimant had no knowledge or reason to believe that the vehicle would be used in violation of the laws of the United States or of any State relating to liquor, and thus is entitled to a judgment of remission. Having so decided, it is not necessary to discuss the petition of the General Motors Acceptance Corporation.

### Conclusions of Law.

1. The vehicle, One 1952 Chevrolet Pickup Truck, Motor No. KBA–248554, was subject to forfeiture under 26 U.S.C. § 3321, and a decree of forfeiture, therefore, is allowed.

2. Claimant, C. E. Anderson, has complied with 18 U.S.C. § 3617, and, therefore, claimant is entitled to remission upon payment of all expenses incident to seizure, accrued storage charges and all costs of court, which is hereby ordered.

---

1. 18 U.S.C. § 3617.
   " * * * (b) Conditions precedent to remission or mitigation
   "In any such proceeding the court shall not allow the claim of any claimant for remission or mitigation unless and until he proves * * * and (3) if it appears that the interest asserted by the claimant arises out of or is in any way subject to any contract or agreement under which any person having a record or reputation for violating laws of the United States or of any State relating to liquor has a right with respect to such vehicle or aircraft, that, before such claimant acquired his interest, or such other person acquired his right under such contract or agreement, whichever occurred later, the claimant, his officer or agent, was informed in answer to his inquiry, * * * as to the character or financial standing of such other person, that such other person has no such record or reputation."