**UNITED STATES v. ONE 1950 MODEL MERCURY SEDAN AUTOMOBILE, MOTOR NO. 50-SL-35658-M, et al.**

**No. 14524.**

United States Court of Appeals
Fifth Circuit.

Nov. 4, 1953.

Percy C. Fountain, U. S. Atty., and William G. Caffey, Jr., Asst. U. S. Atty., Mobile, Ala., for appellant.

D. R. Coley, Jr., Mobile, Ala., for appellee.

Before HOLMES and RIVES, Circuit Judges, and KENNAMER, District Judge.

KENNAMER, District Judge.

The key issue in this case is whether claimant-appellee complied with the conditions precedent to remission or mitigation of forfeiture as set out in Section 3617 of Title 18, United States Code.

The District Court forfeited the automobile in question to the United States, but granted claimant's petition for remission.

■ The use of the automobile on February 7, 1952 in violation of the Internal Revenue Laws of the United States by one Martin B. Hartley in the removal, deposit and concealment of ten (10) gallons of distilled spirits upon which the tax imposed by the laws of the

---

United States had not been paid, was ample grounds to forfeit the vehicle to the United States Government under the provisions of Sections 3116 and 3321 of the Internal Revenue Code, 26 U.S.C.A. §§ 3116, 3321.

The automobile, purchased and jointly financed for claimant and his mother in Mobile, Alabama, was taken to Pascagoula, Mississippi, where it remained practically all of the time in the custody and control of the mother, and under her supervision and authority, until the date of seizure in Alabama.

Martin B. Hartley, the bailee of the automobile at the time of its seizure, had a record and a reputation among law enforcement officers for violating liquor laws. The record included a conviction in 1941, 1946, and 1950.

The claimant's step-father had a record for violation of the federal liquor laws.

The trial court erroneously concluded that although the claimant's mother operated a package liquor store in the State of Mississippi, and that the laws of the State of Mississippi forbid the sale of liquor, the fact that the sale of tax-paid liquor is openly tolerated and a State tax placed thereupon in Mississippi, the claimant had no knowledge or reason to believe the vehicle was being or would be used in violation of the laws of the United States or of Mississippi.

The claimant, his step-father, and his mother, had known the bailee Hartley most all of their lives, and there had been an employer-employee relationship between them for a number of years, pre-dating the removal of all of them from Clarke County, Alabama to Pascagoula, Mississippi.

It is unnecessary for this court to further recite the testimony adduced at the trial which should have put the claimant on notice that this automobile was being, or would be, used in violation of the laws of the United States or of the State of Mississippi. Certainly it was error for the trial court to conclude from the testimony and the circumstances attending the purchase and use of the automobile that the claimant was entirely innocent and had no reason to anticipate improper use.

We think it clear that the District Court had no authority to remit or mitigate the forfeiture. United States v. One 1950 Lincoln Sedan, 5 Cir., 196 F. 2d 639.

The judgment in favor of the claimant is reversed, and the case is remanded to the District Court, with directions to enter a final judgment against the appellee and in favor of the United States.

Reversed and remanded with directions.