Jesse W. Shanks, Asst. U. S. Atty., Joseph E. Brown, U. S. Atty., Jackson, Miss., for appellant.

Webb M. Mize, Gulfport, Miss., Jacob Davis Guice, Biloxi, Miss., R. W. Thompson, Jr., Gulfport, Miss., Rushing & Guice, Biloxi, Miss., for appellee.

## UNITED STATES
v.
## ONE 1952 CHEVROLET PICK-UP TRUCK, MOTOR NO. KBA248554 et al.

No. 14828.

United States Court of Appeals, Fifth Circuit.

June 9, 1954.

Before HUTCHESON, Chief Judge, and HOLMES and BORAH, Circuit Judges.

PER CURIAM.

This is an appeal by the United States from a judgment of the United States District Court for the Southern Division of the Southern District of Mississippi, condemning and forfeiting a 1952 Chevrolet pick-up truck owned by C. E. Anderson, the appellee, but remitting the forfeiture in favor of Anderson, as claimant. At the time of the trial appellee, General Motors Acceptance Corporation, held title to the truck under a conditional sales agreement. In the court below there were two claimants, C. E. Anderson and General Motors Acceptance Corporation, neither hostile to the other, and, in his opinion [1] and order awarding the truck to C. E. Anderson, the trial court found it unnecessary to discuss or deal with the petition of General Motors Acceptance Corporation.

Basing its claim to a reversal of the judgment on two propositions,[2] the

---

1. Reported in 111 F.Supp. 231.

2. "I. The claimant failed to prove compliance with the conditions precedent to remission as set out in Section 3617 Title 18 U.S.C., and therefore the court was without authority to grant the remission of the forfeiture."

United States is here insisting that findings 10 and 11,[3] on which the remission of the forfeiture in favor of Anderson was based, are without support in, indeed are flatly contradicted by, the undisputed facts[4] that Anderson regularly used the truck to transport liquor in violation of Mississippi state law.

■ Pointing out that the sale and transportation of whiskey, either tax paid or non tax paid, within the state of Mississippi, is a violation of its laws, though in certain areas of the state, particularly along the Gulf Coast, violation of state law is tolerated by local law enforcement officers, the United States cites our decision in United States v. One 1950 Model Mercury Sedan, 5 Cir., 207 F.2d 528. So pointing, it insists that, the matters discussed and the reasons advanced by the district judge for his decision wholly aside, the remission of forfeiture in favor of an admitted violator of state law was directly contrary to, indeed in the teeth of, the applicable statute,[5] requiring a claimant to prove "that he had at no time any knowledge or reason to believe that it [said vehicle] was being or would be used in the violation of laws of the United States *or of any State relating to liquor*".

The two claimants[6] opposing these views, insist that the challenged findings are supported by evidence and that the judgment should be affirmed.

---

"II. Under the evidence in this case the court abused its discretion in allowing remission of the forfeiture and such action was arbitrary."

3. "10. C. E. Anderson had no knowledge as to whether Rene Quavas was engaged in illegal liquor traffic."

"11. C. E. Anderson had no knowledge or reason to believe that the vehicle was being or would be used in violation of laws of the United States or of any State relating to liquor."

4. It was stipulated and agreed between the parties that the said Chevrolet Pick-Up Truck was being used at the time of its seizure in violation of the Internal Revenue Laws of the United States; that C. E. Anderson was the owner of said vehicle, and that General Motors Acceptance Corporation owned an interest in said vehicle by virtue of being the assignee of a certain conditional sales contract executed between Jay Jay Motor Company, Gulfport, Mississippi, and C. E. Anderson, and that the only question to be decided by the Court was whether the several claimants complied with the requirements of Section 3617 Title 18 U.S.C.

It was established by uncontroverted evidence, including that of Anderson himself, that at the time of the purchase of said vehicle and prior thereto C. E. Anderson was the proprietor and operator of the Beach Club, a liquor bar located near the Edgewater Beach Hotel just off Highway 90 between the Cities of Gulfport and Biloxi, Mississippi, where he dispensed tax paid distilled spirits for sale; that Rene Cuevas, the driver of the vehicle, was at the time of its seizure and prior to the purchase thereof in the employ of C. E. Anderson and acted and served as a bartender in said Beach Club, dispensing tax paid distilled spirits for sale to the public, and on numerous occasions used the subject vehicle with the consent of C. E. Anderson for private purposes and for business purposes of Anderson, part of which was to haul tax paid whiskey from Grover Graham, a wholesale liquor dealer, to Anderson's establishment, the Beach Club, although Anderson denied knowledge of or permission for Cuevas to use the vehicle at the time of its seizure. The government further proved that C. E. Anderson had been in the liquor business for several years prior to the seizure of the vehicle and that he had such a reputation with the law enforcement officers.

It was further shown that General Motors Acceptance Corporation did not make any "bootleg hazard" investigation of C. E. Anderson, the purchaser of said vehicle, at the time of or prior to the acquisition of its interest therein as required by subsection (b) (3) Section 3617, Title 18 U.S.C.

5. Subsection (b) Section 3617 Title 18 U.S.C.

6. Claimant General Motors Acceptance Corporation, while no long having "any pecuniary interest in this automobile * * * files its brief in this court because it has been served with notice of appeal and a copy of the brief of the United States", and because "it desires to file this brief in order if possible to sustain the findings of the learned judge in the court below."

We find ourselves in agreement with appellant's views. Because we do, we find it unnecessary to consider or discuss the theoretical correctness vel non of the conclusions of law of the district judge or the reasons given for his opinion and judgment, based, as they are, on a complete ignoring of the undisputed facts as to state law violations. It will suffice to say that the showing made of these violations required a denial of the remission sought and that the judgment must be reversed and the cause remanded with directions to enter judgment in favor of the United States for forfeiture of the truck, denying all claims for its remission.

Reversed and remanded with instructions.