**UNITED STATES**

v.

**ONE 1950 DODGE SEDAN et al.**

No. 14681.

United States Court of Appeals, Fifth Circuit.

April 15, 1954.

Hayford O. Enwall, Asst. U. S. Atty., Gainesville, Fla., for appellant.

No appearance for appellee.

Before STRUM and RIVES, Circuit Judges and DAWKINS, District Judge.

DAWKINS, District Judge.

The United States appeals from a judgment remitting the forfeiture of the subject automobile in favor of Associate Discount Company, assignee of a retained title purchase contract dated September 29, 1951, between Johnnie C. Taylor vendee and the dealer vendor, on the ground that claimant's assignor did not comply with the conditions precedent required by Section 3617(b) of Title 18 of the United States Code by making proper inquiry as to the record and reputation of Taylor with respect to tax-unpaid liquor.

Taylor was convicted of using the said car for transporting and concealing such liquor and his interest therein was forfeited. All that was done, an employee of the loan company called the County Judge's office, whose records were checked as far back as 1946 with negative results, insofar as search warrants and criminal charges were concerned.

The Court below made the following findings:

"The Court finds further, that in accordance with the undenied and undisputed testimony of the former and of the present Chief Deputy Sheriff of Jackson County, Florida, on 29th September, 1951, Johnnie C. Taylor had a reputation, albeit no record of convictions, for violating the laws of the State of Florida and of the United States relating to liquor, but that he had never been arrested for any violation of said laws." and

"No such inquiry as to such reputation of Johnnie C. Taylor was made by the Associate Discount Company of Tallahassee, or by the Marianna Credit Bureau on its behalf, at or of either the headquarters of the Sheriff of Jackson County, that of the Chief of Police of Marianna, Florida, or that of the Internal Revenue Officers located at Marianna, Florida."

Both of these findings are sustained by the record and in fact not disputed.

Section 3617(a), Title 18, of the Code provides that the trial court "shall have exclusive jurisdiction to remit or mitigate the forfeiture" but:

"In any such proceeding the court *shall not allow the claim of any claimant for remission* or mitigation unless and until he proves" in addition to his interest in the vehicle "(2) that he had at no time any knowledge or reason to believe that it was being or would be used in the violation of laws of the United States or of any State relating to liquor, and (3) if it appears that the interest asserted by the claimant arises out of or is in any way subject to any contract or agreement under which any person having a record or reputation for violating laws of the United States or of any State relating to liquor has a right with respect to such vehicle or aircraft, that, before such claimant acquired his interest, or such other person acquired his right under such contract or agreement, whichever occurred later, the claimant, * * *" shall make the inquiry of at least one of the law enforcement agencies therein named. (Emphasis by the writer.)

It seems clear therefore that since the County Judge, as such, was not a "principal local or Federal law enforcement officer of the locality in which" Taylor lived and in which the Associate Discount Company, or its assignor "acquired its rights under such contract", the mandatory requirement of the law was not met.

In United States v. One 1941 Model Ford, 5 Cir., 1943, 138 F.2d 506, Associates Discount Corporation was the claimant and the undisputed facts were that one Hosner had purchased an automobile from a dealer in Tennessee who, in turn, sold the contract and note to the claimant. Before doing so, inquiry was made of the sheriff of the County in Tennessee where Hosner was then residing "as to his record and reputation for handling tax-unpaid liquor. It also investigated his 'moral and financial' standing in Birmingham, Jefferson County, Alabama, where he had formerly resided," but "made no inquiry of the sheriff of Jefferson County, the chief of police of Birmingham or Bessemer, Alabama, nor any Federal enforcement officers of the Alabama District." This court quoted that portion of subsection (b) which is set forth above, emphasizing the part as to where the inquiry should be made. It then said,

"Compliance with all conditions precedent set up by the remission statute must be proved by a claimant before a District Court has any right to remit or mitigate a forfeiture."

There as here the findings of fact by the lower court were undisputed. See also United States v. Federal Credit Co., 5 Cir., 117 F.2d 341; United States v. McArthur, 5 Cir., 117 F.2d 343; Murdock Acceptance Corporation v. United States, 5 Cir., 172 F.2d 552; and United States v. One 1950 Lincoln Sedan, 5 Cir., 196 F.2d 639.

The finance company and its predecessors in title having failed to comply with the mandatory provisions of the statute was not entitled to remission.

Reversed.